**In re Carolyn P. DELANO f/d/b/a Alpha & Omega, Debtor.**

**Bankruptcy No. 180–00083.**

United States Bankruptcy Court, D. Maine.

Oct. 31, 1980.

Joel F. Bowie, Damariscotta, Maine, for debtor.

## MEMORANDUM DECISION

CONRAD K. CYR, Bankruptcy Judge.

The debtor moves the court, under Bankruptcy Code § 524(c)(4)(A), for approval of an agreement for the reaffirmation of an installment sale contract between the debtor and Bill Dodge Oldsmobile, Inc. [seller] concerning a 1978 Oldsmobile station wagon. The seller retained a purchase—money security interest in the automobile to secure payment of the $8,228.64 installment balance. The rights of the seller were assigned to General Motors Acceptance Corporation [GMAC]. The debtor paid $4,108.75 under the contract prior to bankruptcy, leaving a $4,119.91 balance.

At the hearing held on July 15, 1980, the court was informed that the debtor is disabled and unemployed and that her entire gross monthly income consists of a $300 social security disability payment. The debtor needs the automobile, her only available means of transportation. No public transportation is available between her rural residence and the neighboring village where food, medical and other necessary supplies and services are obtained. To avoid the high replacement cost, the debtor wants to reaffirm a $4,119.91 debt, at the rate of $171.43 per month, in order to retain an automobile worth $2,400. Court approval of a reaffirmation agreement must be predicated on findings that it will not impose an undue hardship on the debtor or a dependent of the debtor,[1] and that it is in the best interest of the debtor. Bankruptcy Code § 524(c)(4)(A)(i) & (ii).

The monthly payment to GMAC exceeds half the available gross monthly income, meager as it is. In these circumstances, virtually the only basis for determining that reaffirmation would not impose an *undue* hardship on the debtor, within the meaning of section 524(c)(4)(A)(i), is that a disabled person deprived of her only means of transportation may experience even greater hardship than reaffirmation represents. For a disabled chapter 7 debtor with $300

---

1. The debtor has no dependents.

monthly gross income, it is almost inescapable that basic self–support will represent a real hardship. What is an "undue" hardship for such a debtor?

The legislative history is somewhat unrevealing,[2] though the basic rationale of section 524(c)(4)(A) seems plain enough on its face. It was designed to prevent overreaching by holders of dischargeable debts and to preserve the "fresh start" for individual debtors. In the extraordinarily difficult circumstances of the present case, the court is not prepared to disapprove reaffirmation as an undue hardship, by imposing an even more unmanageable hardship than that which the debtor proposes to assume.

But the matter may not rest there. The debtor desires to reaffirm a debt for almost twice the fair market value of the automobile. It is her almost desperate dependence on her automobile which leaves the debtor disadvantaged in the reaffirmation process.[3] Congress has made other provisions for individual debtors in such circumstances. Although the debtor cannot resort to Bankruptcy Code § 522(f) for the avoidance of a purchase–money security interest,[4] redemption[5] may be more appropriate in these circumstances than reaffirmation. The debtor has not attempted to redeem her automobile from the GMAC security interest by payment of the amount of the allowed secured claim, under Bankruptcy Code § 722, which was designed to afford relief in circumstances where the holder of an allowed secured claim may use the threat of foreclosure to force a reaffirmation in an amount greater than the value of its collateral.[6] Redemption would enable the debtor to retain her automobile for its fair market value. Absent a showing that redemption is either unavailable or inappropriate in the circumstances, the court will not approve a reaffirmation agreement as being in the best interest of the debtor under Bankruptcy Code § 524(c)(4)(A)(ii).

Accordingly, counsel for the debtor is directed, within twenty days, either to initiate redemption proceedings under Bankruptcy Code § 722, or to make a sufficient written showing that redemption is unavailable or inappropriate in the circumstances.

---

2. *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess., at 116–17, U.S.Code Cong. & Admin. News 1978, p. 5787.

3. *See id.* at 127–28.

4. *See* Bankruptcy Code § 522(f)(2).

5. *Id.* § 722.

6. *See* H.R.Rep.No.95–595, 95th Cong., 1st Sess., at 127.