**In re Ronald Eugene HARRIS a/k/a Ronald E. Harris, Ronald Harris, R. E. Harris, Ronnie Harris, 1013 Otis Place, N.W., Washington, D. C. 20010, Debtor.**

**Bankruptcy No. 79–00067.**

United States Bankruptcy Court, District of Columbia.

Feb. 1, 1980.

---

Cynthia A. Niklas, Washington, D.C., pro se, Trustee in Bankruptcy.

Edward C. Dolan, Greenbelt, for Suburban Trust Co.

## MEMORANDUM OPINION

ROGER M. WHELAN, Bankruptcy Judge.

This matter came before the Bankruptcy Court for hearing on the trustee's motion to disallow the claim of Suburban Trust Company (hereinafter STC) as a secured claim, and STC's objection to the motion. The claim in dispute is Claim No. 17, in the amount of $3,886.02, filed by STC as secured on June 8, 1979. The claim was not filed on or before the date set for the first meeting of creditors [1] in the Chapter XIII case, as required by Bankruptcy Rule 13–302(e). STC, in its objection to the trustee's motion for disallowance as secured, advances the following arguments:

(1) Adequate notice of the time to file a secured claim was not given despite technical compliance with Rule 13–203(a), read together with Bankruptcy Rule 906(e). The nine-day notice, in view of the magnitude of creditors rights to be foreclosed, violates the intent of Bankruptcy Rule 13–203(a) that adequate notice be given;

(2) The disbursements made to STC pursuant to the Chapter XIII plan indicate that its claim was allowed as secured according to Bankruptcy Rule 13–302(e)(1), which reflects the Courts discretion to permit the later filing of a secured claim; and

(3) The trustee was required by Bankruptcy Rule 13–308 to present a petition for reconsideration within 10 days, and thus the trustee's action is neither procedurally proper nor timely.

STC's first contention, that inadequate notice was not given, is not well taken in light of the clear language of Bankruptcy Rule 13–203(a), requiring that

1. The first meeting of creditors was held on May 10, 1979.

secured creditors be given 10 days' notice of the first meeting of creditors, read together with Bankruptcy Rule 906(e), which provides that notice is deemed completed when mailed. Thus the notice in this case, received nine days before the first meeting of creditors, was given as prescribed in the Rules and cannot be said to be violative of the intent of the Rules.

The STC's second contention, that disbursements under the plan to STC indicate that the claim was allowed as secured, is best addressed through a discussion of Bankruptcy Rule 13–302.

 Under 13–302(e)(1), a secured claim must be filed before the conclusion of the first meeting of creditors in the Chapter XIII case except: (1) where the court, on application before the expiration of the time and for cause shown, grants an extension; (2) where the court permits the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a codebtor. No extension was requested or granted here, and thus the first exception is not applicable. The second exception is limited to filing by the debtor, the trustee, or codebtor, and is intended for situations where it will be "beneficial to the debtor and to other creditors to have a secured claim filed for the purposes of distribution." (Advisory Note to Bankruptcy Rule 13–302) This exception does not apply as the late filing was not made by the debtor or trustee, nor for the reason advanced in the Advisory note exception. Rule 13–302(e)(1) further states that "any claim not properly filed by the creditor within such time shall not be treated *as a secured claim* for purposes of voting and distribution in the Chapter 13 case." (emphasis added) A claim filed after the first meeting of creditors in the Chapter XIII case may be allowed as unsecured.[2] Thus the fact that disbursements have been made does not indicate that the claim was allowed as secured.

STC further contends that the trustee's motion is defective insofar as it seeks substantive review of allowance of the STC claim and thus is essentially a petition for reconsideration, and, as such, is not timely filed. STC submits that pursuant to Bankruptcy Rule 13–308, a petition for reconsideration of the allowance or disallowance of a claim must be filed within 10 days, and that the allowance occurred not later than August 17, 1979; thus, the trustee's motion of December 18, 1979 was not within the ten-day period. This argument pre-supposes that the claim was allowed as secured, and ignores Bankruptcy Rule 13–307.

 Pursuant to Bankruptcy Rule 13–308, the entry of an order of allowance or disallowance begins the running of the ten-day time limit for the filing of petitions for reconsideration. However, where no objection to a claim is raised, no formal order is necessary. Bankruptcy Rule 13–307(b) states: " . . . a claim . . . shall be deemed allowed unless objection is made." However, this automatic allowance is only for the purpose of distribution and does not constitute a determination as to the validity of the claim for any other purpose. Advisory Committee's Note to Bankruptcy Rule 13–307. Bankruptcy Rule 13–307, applicable here, does not set a time within which the trustee must file an objection. Therefore, because the ten-day time period of Bankruptcy Rule 13–308 does not apply, and because no time limit is prescribed for the filing of an objection to a claim allowed automatically under Bankruptcy Rule 13–307, the trustee's action is not untimely.

 For the foregoing reasons, the Court finds that the claim of STC was not timely filed pursuant to Bankruptcy Rule 13–302 and therefore cannot be treated as a secured claim for the purposes of distribution in the Chapter XIII case.

Accordingly, the trustee's motion is GRANTED and the claim of STC is disallowed as a secured claim and allowed as an unsecured claim only.

**2.** In a case decided under the new Bankruptcy Code, this treatment under the Bankruptcy Act Rules was held to be consistent with 11 U.S.C. 1325(a)(5)(B)(ii), as amended. *In re Price, Sr.*, CCH Bankruptcy Law Reporter, ¶ 67, 287 at 77, 510.