**In re Gerald Lee REMY, Jr., Nancy Delores Remy, Debtors.**

**Bankruptcy No. 2–80–02123.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Nov. 26, 1980.

H. Grant Stephenson, Columbus, Ohio, for Ford Motor Credit Co.

Samuel L. Calig, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, trustee.

### ORDER ON MOTION FOR ALLOWANCE OF CLAIM AS SECURED

R. J. SIDMAN, Bankruptcy Judge.

Ford Motor Credit Company (FMCC) has filed a motion with this Court requesting allowance of its claim as a secured claim in this pending Chapter 13 proceeding. The motion raises the issue of whether or not Rule 13–302(e)(1) of the Rules of Bankruptcy Procedure is applicable in Chapter 13 proceedings filed under the Bankruptcy Reform Act of 1978.

Rule 13–302(e)(1) provides:

"A secured claim, whether or not listed in the Chapter XIII Statement, must be filed before the conclusion of the first meeting of creditors in the Chapter XIII case unless the court, on application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. Any claim not

properly filed by the creditor within such time shall not be treated as a secured claim for purposes of voting and distribution in the Chapter XIII case. Notwithstanding the foregoing, the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a codebtor."

Relevant to the inquiry as to whether or not this rule is applicable in the present context is § 405(d) of the Bankruptcy Reform Act of 1978 which provides:

"The rules prescribed under section 2075 of title 28 of the United States Code and in effect on September 30, 1979, shall apply to cases under title 11, to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or suspended by rules prescribed and effective under such section, as amended by section 248 of this Act." 11 U.S.C. § 405(d).

Thus the determination of this Court is requested on the issue of whether or not Rule 13–302(e)(1) is inconsistent with the provisions of Chapter 13 of the Bankruptcy Reform Act of 1978. Judicial authority on the question is split. Some Courts have held that the provisions of the Rule are not inconsistent with the new Bankruptcy Code and thus have upheld the provisions of the rule. See, *In Re Webb*, 3 B.R. 61, 5 B.C.D. 1379 (Bkrtcy.N.D.Calif.1980); *In Re Price*, 5 B.C.D. 1115 (N.D.Calif.1979); and *In Re Rush*, 6 B.C.D. 139 (S.D.Fla.1980). Other courts have held that the rule is inapplicable under the Code. See, *In Re Musgrove*, 4 B.R. 322, 6 B.C.D. 402 (Bkrtcy.M.D.Fla. 1980); and *In Re Busman*, 5 B.R. 332, 6 B.C.D. 683 (Bkrtcy.E.D.N.Y.1980).

This Court is not persuaded that the provisions of Rule 13–302(e)(1) are inconsistent with the provisions of Chapter 13 of the Bankruptcy Reform Act of 1978. While it may be true that the creditors of a Chapter 13 debtor no longer have similar voting rights under the provisions of the new Code, as compared to the provisions of old Chapter XIII, there remains a clear purpose to a rule requiring an early filing of secured claims. At the time of the hearing on

confirmation held by the Court on a proposed Chapter 13 plan, it is crucial that the Court have before it all relevant facts which may impact upon the confirmation decision. One of the findings that the Court must make prior to the confirmation concerns the treatment of secured creditors by the terms of the debtors' proposed plan. As delineated in Section 1325(a)(5) of the Bankruptcy Code, this Court must find, prior to confirmation, that:

"(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; . . ."

11 U.S.C. § 1325(a)(5).

It is axiomatic that in order for a secured claim to be allowed within the purview of the above quoted provisions it must first have been filed. Absent a filing, this Court is unable to determine whether or not other claims, yet unfiled, may or may not be adequately provided for under the standards set forth in the confirmation statute. It is not uncommon, for instance, for a debtor to list a creditor as a holder of an unsecured claim when, in fact, that creditor, upon the filing of a claim with the Court, clearly shows that it is entitled to the status of a holder of a secured claim in the proceeding. Unless such a fact can be discovered by a date certain, and a date which precedes the Court's hearing on confirmation, there never can be an assurance that the debtors' plan adequately and lawfully treats all secured claims provided for by the plan as required by § 1325(a)(5) of the Bankruptcy Code.

It is true that unsecured creditors do not now have a vote on the matter of confirmation of a Chapter 13 plan under the Code, and it is also true that secured creditors do not have absolute veto power over confir-

mation of a Chapter 13 plan under the Code (as some courts felt they possessed under the Bankruptcy Act of 1898). However, neither of these facts mitigate against the clearly beneficial and necessary filing and allowance of all secured claims prior to the confirmation decision of the Court. The holder of an allowed secured claim can "accept" (and thus presumable "reject") a debtors' plan. Voting, in this sense, is thus a concept preserved under the Code. This vote, however, is exercisable only by the holder of an allowed secured claim. The Court must be able to determine such holders prior to confirmation. The determination of the status of a claimant as secured or unsecured is also crucial to the distributions to be made under the Chapter 13 plan by the Chapter 13 trustee. This is especially true in the context of a composition plan (less than 100%). The operation of § 1325(a)(5) of the Bankruptcy Code requires, in this Court's view, that a bar date be set for the filing of secured claims. That bar date has been set by Rule 13–302(e)(1) and the Court perceives no reason why it should not be given continued vitality under the new Code structure. The reason for its continued application has perhaps changed somewhat, but the necessity has not.

FMCC argues that the result in this case is harsh. However, the result is indeed no more harsh than that rule required in cases filed prior to the enactment of the Bankruptcy Code. Further, this harshness is softened by the ability of the debtor, co-debtor or trustee, to waive the bar date. This provision is expressly contained in the rule itself and is further supported by § 501(c) of the Bankruptcy Code. Rule 13–302(e)(1) operates as a statute of limitations on the filing of secured claims in Chapter 13 proceedings and does so for a reason which is not inconsistent with the provisions of the Bankruptcy Reform Act of 1978. Thus, based upon the provisions of § 405(d) of the Code quoted above, Rule 13–302(e)(1) remains fully applicable and operates to cause disallowance of a secured claim filed after the date of confirmation of the Chapter 13 plan herein.

Based upon the foregoing, the Court hereby determines that the motion of FMCC is without merit and it is hereby overruled.

IT IS SO ORDERED.