10 B.R. 928 (1981)
In the Matter of Leon W. LOUIE, Debtor.
N.A.A.C.P. CREDIT UNION, Plaintiff,
v.
Leon W. LOUIE, Defendant.
Bankruptcy No. 79-00774.
United States Bankruptcy Court, E.D. Michigan, Southern Division.
April 30, 1981.
*929 Carl L. Bekofske, Flint, Mich., for debtor/defendant.
Tom R. Pabst, Flint, Mich., for plaintiff.
William W. Wumkes, Flint, Mich., as trustee.

OPINION
HAROLD H. BOBIER, Bankruptcy Judge.
From the bench this Court denied the creditor's petition to amend the debtor's Order confirming Plan to allow the creditor to be paid as a secured creditor on its tender, after the order for confirmation was entered, of documentary evidence to support its claim as a secured creditor.
Statement of Facts
December 4, 1979, debtor/wage earner, hereinafter debtor, filed his petition, schedules, and plan seeking relief in Chapter 13; an interim order was filed on debtor's employer requiring payment from the employer to the standing trustee of the amount specified in the plan; an order for a 341 hearing was mailed to all creditors and parties in interest setting February 15, 1980, as the date for the 341 hearing which was duly held on said date; petitioning creditor, hereinafter appellant or creditor, did not appear, but filed its claim as a secured creditor on the date of February 1, 1980, without however, submitting or attaching any documentary proof of its claimed secured status.
Debtor's plan provided, inter alia, as follows:
Paragraph 7  Secured Claims: Secured creditors shall be paid the value of the property secured by any liens.
Paragraph 13  Fair Market Value: Debtor believes the value of the goods securing liens to be as follows:
N.A.A.C.P. Credit Union  1977 Pick Up $3,375.00.
At the 341 hearing on February 15, 1980, debtor's attorney advised the hearing officer that the creditor had not filed proof of secured status, and consequently would be paid as though unsecured. Creditor did not attend that hearing, though notified.
Confirmation hearing on debtor's plan was set and heard on February 28, 1980. One creditor, I.H.H. Creditor Corporation, appeared and the Order Confirming Plan was allowed and docketed on March 6, 1980. The objecting creditor did not appear.
Proof of Service of Order Confirming Plan was filed on March 4, 1980 showing, inter alia, service on the creditor.
The Order Confirming Plan provided, inter alia:
Paragraph 4
NAACP Credit Union  $3,535.87, car and household goods.
This claim was filed as secured, but no evidence of filing with the Secretary of State was attached, therefore the claim shall be treated as unsecured.
On March 6, 1980, the creditor filed a petition to amend its proof of claim and the order confirming plan stating, inter alia, that,
. . . through no fault of N.A.A.C.P. Credit Union evidence of perfection of the security agreement was not appended to the proof of claim filed with the Court *930 . . . a certified copy of the vehicle certificate of title has been requested from the proper state authorities, but because of a backlog of such order, it may be approximately three to four weeks before that certified copy is obtained. A certified copy of the vehicle certificate of title will be filed with this Court as soon as possible.
It was not until March 3, 1980, when they received a copy of the Order Confirming Plan, that the N.A.A.C.P. Credit Union and its attorney learned that the credit union's claim would not be allowed as a secured claim because of the inadvertent failure to file evidence of perfection of said security interest.
The creditor's prayer for relief requested that the Court order leave to amend proof of claim and amendment of Order Confirming Plan to allow the creditor to be paid as a secured creditor, ". . . as soon as such evidence can be obtained from the Secretary of State's Office." A hearing on creditor's petition to amend was had April 8, 1980, and denied, such order being docketed May 20, 1980.
Notice of Appeal to the United States District Court was filed and docketed on May 20, 1980.
Hearing before the district court of the creditor's appeal, the Honorable Stewart A. Newblatt presiding, was had on October 1, 1980, and Memorandum Opinion and Order was filed October 4, 1980, by his honor, remanding to this Court for further proceedings.
Memorandum Opinion of Judge Newblatt
Two issues are stated by Judge Newblatt in his opinion.
I. A reading of Rule 13-302(c) raises the question as to ". . . whether the secured claim is treated as a separate document having a legal significance of its own, or whether the claim is not a valid claim if not accompanied by satisfactory evidence of perfection."
II. Appellant claims the bankruptcy court failed to exercise the discretion Rule 13-302(e)(1) grants to the Court to grant appellant's petition for relief.
In his opinion, Judge Newblatt finds that the failure of the bankruptcy judge to hear exculpatory evidence bearing on the creditor's failure to file its claim, with attached documents establishing its right as a secured creditor, was an abuse of discretion.
Turning to 13-302(e)(1), the rule states:
A secured claim * * * must be filed before the conclusion of the first meeting of creditors * * *, unless the court, on application before the expiration of that time and for good cause shown, shall grant a reasonable, fixed, extension of time. Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for purposes of voting and distribution . . .
Reading, then, 13-302(c) in its pertinent provisions:
When a claim, on an interest in property securing the claim is founded on a writing, the original, or a duplicate shall be filed with the proof of claim * * *. (If a security interest is claimed.) (Emphasis supplied.)
So far as stated here the rule treats five separate classifications of claims, i.e.;
a) Claim
b) Proof of Claim
c) Secured Claim
d) Perfected General Claim
e) Perfected Secured Claim
In his opinion, Judge Newblatt pointed out that this Court, in its bench ruling, made no definitive ruling as to whether a "secured" claim is treated as a "separate document" under the rule, or, whether "the secured claim is not a secured claim unless the evidence of perfection is attached."
The answer to the above question appears to be found within the rule itself, which, at 13-302(c) provides:
Claim Founded On A Writing: Perfection of a Security Interest. When a claim, on an interest in property securing the claim, is founded on a writing, the original, or a duplicate shall be filed with the proof of claim unless the writing has been destroyed. If lost or destroyed, a statement *931 of the circumstances of the loss or destruction shall be filed with the claim. If a security interest is claimed, the proof of claim shall be accompanied by satisfactory evidence that the security interest has been perfected. (Emphasis supplied.)
Discussion
a) A claim, general or secured, is a legal right to demand payment or the return of property held by the debtor, all within the rules of the Code. The creditor may waive or abandon such a claim and in many instances does.
b) If a creditor makes demand upon the debtor, it must be in writing, and, if the claim is founded on a writing, such as a promissory note or contract for purchase of personal property, such written evidence of the claim must accompany the Proof of Claim filed with the Court.
c) In the event the creditor asserts a secured status, the creditor must have complied with the requirements of (1) the Uniform Commercial Code, (2) must file Proof of Claim at or before the first meeting of creditors, (3) the Proof of Claim must be accompanied by "* * * satisfactory evidence that the security interest has been perfected."
Sometimes, secured creditors do not claim as such if it is to the creditors advantage not to do so. For example, if the creditor has a claim that is so large by comparison with other creditors filed as general creditors, and the secured creditor is the only secured creditor, and the debtor is paying his creditors 100% on a pro rata basis, the secured creditor winds up being paid more per disbursement by the trustee, than the amount stated in the contract.
However, if the creditor, being secured, wishes to be paid as such, the creditor must filed the documentation required by the Uniform Commercial Code which allows it status as a secured creditor. In Michigan, as to a motor vehicle, that means not only, as in this case, a certificate of title showing the creditors lien thereon, but a proper security agreement.
d) A perfected general claim, if founded on a writing, requires that the Proof of Claim must be accompanied by the original or a duplicate of the writing. Unlike a secured claim, general creditors, since they are treated generally, or alike, have six months, dating from the first meeting of creditors, in which to file claims. Without the writing, the creditor's claim is defective, and without being cured within the time allotted for filing, the claim is disallowed.
e) In perfecting a secured claim in a Chapter 13 proceeding, the creditor must comply with the following requirements:
1. The perfection requirements of the Uniform Commercial Code relating to chattels.
2. Must file Proof of Claim before the first meeting of creditors is concluded.
3. The Proof of Claim must be accompanied by "* * * satisfactory evidence that the security interest has been perfected."
This Court will and does hold that the "secured claim" referred to in 13-302(c) means the filing of a Proof of Claim; self designation by the creditor that the creditor claims as a secured creditor; that "accompanied by satisfactory evidence . . ." means that attached to said Proof of Claim is the necessary documentation to prove to the debtor and the Court that the creditor has complied with state requirements as to perfection as a secured creditor.
Issue No. 2
Appellant claims that this Court abused its discretion in failing to accord appellant an opportunity to present its reasons for not complying with the timely filing of ". . . satisfactory evidence of perfection . . ." as Rule 13-302(e)(1) provides.
Judge Newblatt remanded with directions to this Court to grant a hearing so that the appellant could, within the discretionary language provided by 13-302(e)(1), be fully heard in accordance with the last sentence of 12-302(e)(1) which states:

*932 ... not with standing the foregoing, the court may permit the later filing of a secured claim for the purposes of distribution by the debtor, the trustee, or a co-debtor. (Emphasis supplied.)
In its petition for rehearing, timely filed, appellant's attorney, with admirable candor, shouldered the blame for the failure of appellant's claim to meet the requirements of the rule. He did not assert the well worn ploy of "secretary's failure," or "inability of creditor to find its records in time."
At the hearing on remand, appellant's attorney forthrightly reiterated the declaration in his petition, i.e., that the fault was not the creditor's, but his. At page 5, of the transcript of the remand hearing, counsel stated after rearguing Rule 13-302;
I am certain that I have nothing to add, certainly no testimony, other than to add what happened procedurally here and my interpretation of the rule. So I have no testimony to present.
Followed reargument of the rule, its meaning, and its application. No new evidence was presented at the remand hearing. No exculpatory reasons were advanced as to why the documentary evidence of proof of secured status was not filed with the Court prior to or at the time of the first meeting of creditors. The sole blame was shouldered by counsel for the creditor.
In Judge Newblatt's order of remand, it appears that at the hearing on the creditor's first petition, I stated that I never had allowed a secured creditor relief under Rule 13-302 in a Chapter 13 case where a creditor had not complied with the filing requirements prior to or at the first meeting of creditors. If I stated that, I was in error, or meant it to pertain to the situation the creditor found himself in under the facts of this case. I recollect at least two other occasions when, on petition of a creditor, I have allowed a late claim filing in a Chapter 13 case. One occasion was where the debtor had not listed a secured creditor and the creditor did not get notice of the first meeting of creditors in time to file before the 341 hearing.
The other case was where, through a fault in mailing, the creditor was not mailed notice until seven days before the first meeting of creditors, and produced a witness who testified that the notice did not come in to the creditor's office until after the date set for the first meeting of creditors. Since on one occasion it took five days for a letter to get from the Mott Foundation Building to this office, the creditor's testimony was plausible.[1]
In any event, in the above instances the creditors were neither negligent nor at fault in not presenting their claims, fully documented, within the time limited by the rule. The exceptions were allowed under the general equity powers of the court.[2]
Findings of Law
As to Issue No. I
Turning to Rule 13-302(e)(1), the rule states:
A secured claim * * * must be filed before the conclusion of the first meeting of creditors * * *, unless the court, on application before the expiration of that time and for good cause shown, shall grant a reasonable, fixed, extension of time. Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for purposes of voting and distribution . . .
Reading, then, 13-302(c) in its pertinent provisions:
When a claim, on an interest in property securing the claim is founded on a writing, the original, or a duplicate shall be filed with the proof of claim * * *. (If a security interest is claimed.)

Claim Founded On A Writing; Perfection of Security Interests. When a claim, on an interest in property securing the *933 claim, is founded on a writing, the original, or a duplicate shall be filed with the proof of claim unless the writing has been destroyed. If lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim. If a security interest is claimed, the proof of claim shall be accompanied by satisfactory evidence that the security interest has been perfected. (Emphasis supplied.)
As to Issue No. II
Appellant claims a right to file a petition to amend its claim after the first meeting of creditors and present late evidence of its perfection as a secured creditor on the provision in BR Rule 13-302(e)(I) which states, inter alia:
Notwithstanding the foregoing, the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a codebtor. (Emphasis supplied.)
A careful reading of the foregoing limits the right to file a tardy secured claim only to the debtor, the trustee, or a co-debtor. (The foregoing is, in substance, the last sentence of Rule 13-302(e)(1).)
Speaking of the last sentence of (e)(1) of 13-302 the Advisory Committee states, 1979 Collier pamphlet edition of Bankruptcy Rules, page 797:
Subdivision (c) paragraph (1) of subdivision (e) requires generally that secured claims be filed on or before the first date set for the first creditors meeting in the Chapter 13 case. (Changed to before the conclusion of the meeting by amendment in 1976.) Since the plan must be submitted to and accepted by creditors before it can be confirmed an early determination of secured claims is essential to confirmation and the beginning of distribution to creditors under the plan. If for cause shown a secured creditor is unable to file by the time specified, the court may grant a reasonable fixed extension of time. Any secured creditor who does not file his claim within the time specified, or as extended, will be treated as an unsecured creditor for purposes of voting and distribution in a Chapter 13 case. . . . the last sentence added to subdivision (e)(1) of the rule is to authorize the court to permit the later filing of a secured claim by the debtor,: the trustee, or a codebtor where the creditor has not done so within the time fixed. Since it will sometimes be beneficial to the debtor and to other creditors to have a secured claim filed for purposes of distribution, the new sentence authorizes filing by the debtor or the trustee. It also authorizes filing by a codebtor so that he may preserve his interest in the security. But the late filing authorized by this sentence is only for the purpose of distribution. (Emphasis supplied.)
Again, under Rule 13-303, Filing Claims By Debtor or Trustee, the Advisory Committee states:
If a creditor fails to file his claim before the conclusion of the first meeting of creditors in a Chapter 13 case, the debtor or the trustee may execute and file a proof of such claim as an unsecured claim on official form No. 13-10 in the name of the creditor.
Appellant's claim that 13-302(e)(1) permits this Court to grant appellant's petition to file after the termination of the 341 hearing is misdirected; the option stated is limited to the debtor, the trustee or the co-signor.
Rule 13-302(e)(1) seems unambiguous, but even if it were not, the plain intent of the rule is to require that secured creditors, who wish to file as such must do so at or before the first meeting of creditors with such documentary proof as is necessary to prove their claimed secured status. In the event such a creditor fails to so do, and fails also to petition, before the expiration of the first meeting for additional time, the rule mandates that such creditor be paid as a general or unsecured creditor. This, of course, does not void the creditor's security.

Remedial Legislation
Rule 13-302, as presently written, was enacted as remedial legislation. Notwithstanding frequent suggestions by the National *934 Bankruptcy Conference, the Judicial Conference and others, that the bankruptcy courts should encourage wage earner recourse to Chapter 13 as a better alternative to Chapter 7, many attorneys, after initial exposure to it, refused to accept it. The reason for such resistance was that secured creditors caused frequent and successive adjournments of first meetings because they failed to accept or reject debtors plan. Attorneys and debtors were frustrated. It did not take many reappearances in court to make the venture a non-profitable one for attorneys.
Congress, prompted by hearing and receiving much evidence pointing toward the necessity of requiring a prompt election by the secured creditor, amended the rule to require that such claim "* * * be filed on or before the first date set for the first creditors meeting in a Chapter 13 case."
The rule was strengthened again in 1976 when Congress amended the rule to require that the filing must be made before the conclusion of the first meeting.
Being remedial legislation, the rule should be construed to effect the congressional purpose.

Equitable Consideration
Although not raised by appellant (See Appellant's Brief) originally or on appeal, and hence, appellant cannot do so now, appealing to the general equitable powers of the court should avail the appellant no relief.
The courts are limited by Rule 60 in granting relief for failure caused by, inadvertence, negligence, mistake, etc., and cases decided have generally held that "excusable neglect" is not mere carelessness or neglect and § 257 Attorney & Client of C.J.S. Vol. 7A states, "an attorney is required * * * to discover those additional rules of law, which, not commonly known, may be readily found by standard research techniques."
The record made by appellant before the Court does not bring him within any exceptions to the rule.
Conclusion
1. This Court will and does hold the "secured claim" referred to in 13-302(c) means the filing of a proof of claim; self designation by the creditor; that the creditor claims as a secured creditor; that accompanied by "satisfactory evidence . . ." means that attached to said proof of claim is the necessary documentation to prove that the creditor has complied with State requirements as to perfection as a secured creditor; that said claim must be filed before the conclusion of the first date set for the first creditors meeting.
2. That 13-302(e)(1) does not grant discretionary power to the court to allow a tardy creditor to file a secured claim.
3. That appellant's claim shall be treated for distribution payment by the Chapter 13 trustee pro rata with general or unsecured creditors; that appellant, if indeed secured, shall retain its secured lien.
4. That appellant's petition for leave to file documentary evidence of it's claimed secured status be granted only for the purpose of ruling as to whether its claim lien is perfected.
For cases in accord see: In re Remy, 8 B.R. 40, 7 B.C.D. 200 (Bkrtcy.1980); In re Price, B.L.R. 67,287; In re Rush, 6 B.C.D. 139; In re Harris, 2 B.R. 369, B.L.R. 67,352 (Bkrtcy.1980).

ORDER
An order may be drawn in conformance with this opinion.
NOTES
[1] A distance of five blocks.
[2] Example: In re Comac, 402 F.Supp. 43 (1975), creditors, unlisted by the bankrupt, were not notified until after expiration of claims period. District court reversed the bankruptcy judge, holding that the creditors were faultless and not to permit a claim would be denial of due process.