**In the Matter of Albert L. HINES, Marjorie Hines, Debtors.**

**Bankruptcy No. 3–80–02006.**

United States Bankruptcy Court, S. D. Ohio, W. D.

April 21, 1982.

---

Ronald E. Reichard, Dayton, Ohio, for Sears.

George Ledford, Englewood, Ohio, Trustee.

Donald F. Harker, III, Dayton, Ohio, for debtor.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

This matter is before the Court upon the "Trustee's Objection to Allowance of Claim and Recommendation" filed on 27 July 1981. The Court heard the matter on 2 September 1981, and the parties subsequently submitted legal memoranda. The following decision is based upon the record and the memoranda.

### FINDINGS OF FACT

The pertinent facts are not in controversy. Debtors filed an 11 U.S.C. Chapter 13 Petition on 7 July 1980. Debtors' Schedules

list Plaintiff as an unsecured creditor in the amount of $670.39. Each Debtor maintained a separate credit account with Sears, Roebuck & Company, (hereinafter the Creditor), and the scheduled amount purports to be the aggregate balance due on both accounts as of the Petition filing. On 6 August 1980, Creditor filed its first proof of claim, listing secured debt on a "tool chest" (apparently a tool cabinet) in the amount of $264.04, based upon the outstanding balance on the account in the name of Albert L. Hines and accepting the Plan. The Meeting of Creditors, (see 11 U.S.C. § 341), was held on 7 August 1980; and the hearing on confirmation was held later on the same day conformably to local practice.

At the hearing on confirmation, the Court found statutory compliance based upon the Trustee's report and recommendation and an Order Confirming Plan was duly entered, no adverse interests appearing at the hearing.

On 18 August 1980, Creditor filed a second proof of claim listing a secured debt on "tools" in the amount of $248.08 and unsecured debt in the amount of $144.92, for a total of $393.00 based upon the outstanding balance due on the account in the name of Marjorie Hines. The documents attached to Creditor's second proof of claim *prima facie* indicate that Creditors retained a purchase money security interest in a "tool set" which was purchased on Marjorie Hines' account for $299.00, not including state taxes, at an annual percentage rate of eighteen per cent.

The first Proof of Claim is not in issue *instanter*. The Trustee, however, objects to allowance of the second Proof of Claim filed on 18 August 1980, as secured on the ground that the Proof of Claim, insofar as it represents a claim for secured debt, was untimely under Bankruptcy Rule 13–302(e)(1); but recommended allowance as unsecured in the amount of $393.00. The attachment to the Trustee's allowance of claims shows Sears as allowed as "secured" in the amount of $264.04.

Debtors' Plan provides that disbursement shall first be made to allowed priority claims under 11 U.S.C. § 507, and then to the National Exchange Bank, as a secured creditor in the amount of $6,382.52. The Plan then provides that the remainder shall be distributed pro rata to unsecured creditors, who will thus receive approximately a twenty per cent dividend. Debtors' Plan does not make reference to or provision for Creditor's claims as secured.

## DECISION AND ORDER

The basic issue before the Court is whether Bankruptcy Rule 13–302(e)(1) operates as a bar to the filing under 11 U.S.C. Chapter 13 of a secured claim after the 11 U.S.C. § 341 Meeting of Creditors. The parties do not dispute that the total amount of Creditor's second claim is $393.00, as alleged. The parties, however, present this matter for determination of only the question of the timeliness of the second Proof of Claim, and the effects thereof.

Bankruptcy Rule 13–302(e)(1) provides:
(1) *Secured Claims.* A secured claim, whether or not listed in the Chapter XIII Statement, must be filed before the conclusion of the first meeting of creditors in the Chapter XIII case unless the court, in application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for the purposes of voting and distribution in the Chapter XIII case. Notwithstanding the foregoing, the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee or a co-debtor.
This Rule predates the Code and is thus only applicable " . . . to the extent not inconsistent with the (Bankruptcy Code)." Pub.L. 95–598, § 405(d) (1978). The legal issue which the Court must decide, therefore, is to what extent Bankruptcy Rule 13–302(e)(1) is inconsistent with the Bankruptcy Code.

Case law is divided regarding the applicability of Rule 13–302(e)(1) to the Bankruptcy Code. For the view that Bankruptcy

Rule 13–302(e)(1) is consistent, see *Matter of Brown*, 14 B.R. 233 (Bkrtcy.N.D.Ill.1981); *Matter of Louie*, 10 B.R. 928, 7 B.C.D. 678 (Bkrtcy.E.D.Mich.1981); *In Re Foster*, 11 U.B.R. 476, 4 C.B.C.2d 763 (Bkrtcy.S.D.Cal. 1981); *In Re Remy*, 8 B.R. 40, 7 B.C.D. 200, B.L.D. ¶ 67856, 3 C.B.C.2d 698 (Bkrtcy.S.D. Ohio 1980); *In Re Hines*, 7 B.R. 415, 6 B.C.D. 1356, 3 C.B.C.2d 367 (Bkrtcy.D.S.D. 1980); *In Re Webb*, 3 B.R. 61, 5 B.C.D. 1379, B.L.D. ¶ 67449 (Bkrtcy.N.D.Cal.1980); *In Re Rush*, 6 B.C.D. 139, B.L.D. ¶ 67415 (Bkrtcy.S.D.Fla.1980); *In Re Pollock*, 6 B.C.D. 1280, 2 C.B.C.2d 314 (Bkrtcy.S.D.Fla. 1980); and *In Re Price*, 5 B.C.D. 1115, B.L.D. ¶ 67287 (Bkrtcy.N.D.Cal.1979). For the view that Bankruptcy Rule 13–302(e)(1) is inconsistent, and therefore inapplicable to the Code, see, *In Re Musgrove*, 4 B.R. 322, 6 B.C.D. 402, 2 C.B.C.2d 238 (Bkrtcy.M.D.Fla. 1980); and *In Re Busman*, 5 B.R. 332, 6 B.C.D. 683 (Bkrtcy.E.D.N.Y.1980).

In the case at bar, the Trustee contends that the Code is silent regarding deadlines for the filing of proofs of claims, and that Bankruptcy Rule 13–302(e)(1) merely fills this void in a manner consistent with Code objectives. The Trustee points out that a cutoff date for the filing of secured claims prior to the plan confirmation hearing is implicitly necessary to enable determination of the valuation of secured collateral, and of the corresponding amount available for distribution to unsecured creditors. The Trustee also argues that an early cutoff date for the filing of secured claims is necessary to prevent the "administrative nightmare" of individually processing secured claims which straggle in "late." The Trustee points out, for example, that the "untimely" submission of secured claims requires recomputation of the excess available for unsecured creditors to enable the Court to determine whether unsecured claims will be paid as required by 11 U.S.C. § 1325(a)(4), (i.e. an amount not less than would have been received had the debtor "liquidated" under 11 U.S.C. Chapter 7). In this context, the Trustee also adds that Court policy should resist the "late" filing of secured claims which may profoundly affect the viability of plans already confirmed by the Court.

In response, creditor contends that Bankruptcy Rule 13–302(e)(1) is inconsistent with the Bankruptcy Code, and therefore " . . . should not be regarded as binding upon the court." Creditor, citing *Musgrove, supra*, and *Busman, supra*, argues that the policy reasons underlying Rule 13–302(e)(1) are no longer relevant under the Code. In particular, Creditor points out that a principal concern of Rule 13–302(e)(1) was the early compilation of a list of secured creditors for voting purposes, and that creditors no longer "vote" for a wage-earner plan under the Bankruptcy Code. Creditor apparently also inverts the Trustee's basic argument and presumes that Rule 13–302(e)(1) is facially inconsistent with the Code because the Rule provides for the treatment of claims in a manner not required by the Code.

I

Bankruptcy Rule 13–302(e)(1) was enacted to enable the identification of all of the secured creditors early in a bankruptcy proceeding. Under the Bankruptcy Act, as was interpreted in the Sixth Circuit, secured creditors possessed "life and death" control over a bankrupt's Chapter XIII plan. §§ 651 and 652 of the Bankruptcy Act of 1898; *In Re Worley*, CCH Bankr.L. Rep. ¶ 64283 (E.D.Mich.1970), *aff'd sub nom. Worley v. Budget Credit Union*, CCH Bankr.L.Rep. ¶ 64285 (6th Cir. 1971), *cert. denied*, 406 U.S. 907, 92 S.Ct. 1613, 31 L.Ed.2d 817 (1972); *In Re Pappas*, 216 F.Supp. 819 (S.D.Ohio 1962). Under the Act, any secured creditor dealt with by a Chapter XIII plan filed in this Court had to accept the plan in writing before the Court could confirm the plan. *In Re Pappas, supra*, at 882. As a practical matter, the bankrupt was therefore required to deal with any rejecting secured creditor outside of his plan, or else the plan could not be confirmed by the Court. It was therefore imperative under the Act that all secured creditors be required to file early in the proceeding in order to permit efficient processing of Chapter XIII plans. This con-

cern regarding secured creditors "veto" power over a Chapter XIII plan is no longer relevant to 11 U.S.C. Chapter 13 plans. 11 U.S.C. § 1325(a)(5).

 The Court is of the opinion, however, that Bankruptcy Rule 13–302(e)(1) is not inconsistent with the Bankruptcy Code and, therefore, is applicable on the facts *instanter*. Bankruptcy Rule 13–302(e)(1) is a procedural rule which does not alter the substantive rights of the parties. As such, Bankruptcy Rule 13–302(e)(1) possesses continued vitality under the Code. It is essential for Court determination of plan confirmability under 11 U.S.C. § 1325(a) that secured claims be filed prior to the confirmed hearing. Most importantly, this is necessary so that the Court can make the required findings regarding the allowability of secured claims, and the excess available to unsecured creditors. See *In Re Remy*, *supra*, at 41. Although Rule 13–302(e)(1) selects a date relatively early in the bankruptcy proceeding, the Court does not believe that the time limit of the Meeting of Creditors is unreasonable. (In this regard, the Court notes that Creditor timely submitted its first Proof of Claim).

It is the opinion of the Court that "inconsistency" cannot be inferred from Code silence, and that, to the contrary, Code silence implies acquiescence to the time limits established in the Bankruptcy Rules, as indicated by the legislative history, as follows:

> The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed. The Rules governing time limits for filing proof of claims will continue to apply under section 405(d) of the bill. H.R. Rep.No. 595, 95th Cong., 1st Sess. 351 (1977), U.S.Code & Admini.News 1978, 5787, p. 6307, cited in *In Re Hines, supra*, at 419.

As a procedural rule, no purpose is served under the Code if a Plan conforms to the requirements of 11 U.S.C. 1325 as to lien retention and payment of value to a secured creditor and makes a specific distribution to each secured creditor. Obviously, filing a proof of claim at any time does not then affect the distribution to the other creditors and either the creditor (or debtor) should be permitted to file a claim even after the order of confirmation.

## II

 The Court believes that it is significant to draw a distinction between the procedural and substantive effects of Bankruptcy Rule 13–302(e)(1). Regardless whether a secured creditor chooses to file a proof of claim, 11 U.S.C. Chapter 13 contemplates the retention of liens by secured parties. 11 U.S.C. §§ 502(d), 522(c), 1325(a)(5), and 1328(c). The effect of Bankruptcy Rule 13–302(e)(1) should be enforced procedurely. To be specific, Bankruptcy Rule 13–302(e)(1) should not be interpreted to invalidate liens, but merely as it establishes the procedure for the efficient administration of the proceedings by permitting the treatment of secured creditors who do not file or who file late as unsecured only for purposes of distribution under an 11 U.S.C. Chapter 13 plan. The procedural effect of the Rule should be treated differently, depending upon whether Debtor provides for retention of lien in the Plan. In such cases the Trustee has notice of the existence of a secured claim and the requisites of the best interests of creditors. Procedurely, therefore, the meeting of creditors should be deemed continued until the confirmation hearing has been concluded and an order duly entered. If the Plan does not provide for lien retention (as herein) and the Plan has been confirmed based upon distribution in the best interests of unsecured creditors (including an improperly scheduled secured creditor) a secured creditor which has not accepted the Plan before confirmation and which is not receiving value of the collateral by distributions under the Plan conformably to 11 U.S.C. § 1325 should not be deemed precluded from seeking an order from the bankruptcy court that the debtor(s) surrender the collateral or file a modified Plan for distribution not less than the allowed amount of the claim.

Thus the question which remains is what rights do secured creditors possess if the creditors' claims are treated as unsecured for purposes of a Chapter 13 plan. The Court initially notes that foremost a Chapter 13 plan may not invalidate a lien which secures a claim which is treated as unsecured under Bankruptcy Rule 13–302(e)(1). The Court is also of the opinion that secured creditors who are treated as unsecured under Bankruptcy Rule 13–302(e)(1) possess the enforceable right to payment in accordance with the plan provisions for unsecured creditors. In addition, if the plan does not provide for payment to the creditor in an amount equal to the creditor's security, then the lien should survive the Chapter 13 discharge and is enforceable as permitted in 11 U.S.C. §§ 362(c) and (d), and 1328(c). Furthermore, the right of a secured creditor to seek adequate protection is not defeated by the procedural requirements of the Rule.

In the instant case, Creditor has failed to file timely the secured portion of its second proof of claim. Since the amount of the claim is undisputed, Creditor, nevertheless, has the right to payment through the Plan as an unsecured creditor for the full amount of the claim. The parties have reserved the question of the validity of Creditor's secured status, and because Debtors' Plan does not provide for the invalidation of Creditor's lien if found to exist, the Court makes no findings in regard to the effect of the alleged security interest.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Sears, Roebuck & Company's Proof of Claim filed on 18 August 1980 shall be allowed and paid as an unsecured claim in the amount of $393.00 and that the Trustee's Objection to Allowance of claim of Sears, Roebuck & Company as to distribution, is sustained, this Creditor having accepted the Plan.

It is further ORDERED that the Debtors show cause within two weeks why the collateral should not be surrendered to Sears for failure to provide in the Plan, as confirmed, an amount equal to the value of the security.