**In re Anne E. MYERS, Debtor.**

**Bankruptcy No. 81–00094.**

United States Bankruptcy Court, D. Vermont.

Aug. 6, 1982.

Michael F. Hanley, Plante, Richards, Terino & Hanley, White River Junction, Vt., for debtor.

Peter J. DesMeules, Brownell & Moeser, Springfield, Vt., for First Inter-State Bank.

### MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The above-named Debtor filed for Relief under Chapter 13 of the Bankruptcy Code on May 4, 1981.

She lists the First Inter-State Bank under the Schedule of Property as a secured creditor holding a mortgage in the sum of $35,-136.42 on the home place of the Debtor in the Village of Fairlee, Vermont. The § 341 meeting of creditors was held and closed on June 5, 1981. The First Inter-State Bank filed its secured claim in the sum of $35,-

136.42 with interest of $7.95 per diem from October 23, 1980 together with actual attorney's fees and costs incurred in the institution of a Complaint of Foreclosure on July 2, 1982.

It is evident that the Proof of Claim was not filed before the conclusion of the § 341 meeting of creditors.

13–302(e)(1) of the Rules of Bankruptcy Procedure provides as follows:

"Secured Claims. A secured claim, whether or not listed in the Chapter XIII Statement, must be filed before the conclusion of the first meeting of creditors in the Chapter XIII case unless the court, on application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for purposes of voting and distribution in the Chapter XIII case. Notwithstanding the foregoing, the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a codebtor."

In this case the Debtor did not make application and the Court did not grant a reasonable extension of time for the filing of its secured claim. Therefore, under ordinary circumstances, pursuant to the above Rule, the claim should not be treated as secured for the purposes of voting and distribution in this Chapter 13 case.

Since this Rule was promulgated prior to the enactment of the Bankruptcy Code, the question has been raised as to whether it is now applicable to cases filed under the Code. The argument has been advanced that the Rule may be inconsistent with the Code. A number of cases have been decided relative to the application of this Rule to Code cases and the majority opinion seems to be that the Rule is consistent with the Code and is, therefore, applicable. See *Matter of Brown,* 14 B.R. 233 (Bkrtcy.N.D. Ill.1981); *Matter of Louie,* 10 B.R. 928, 7 B.C.D. 678 (Bkrtcy.E.D.Mich.1981); *In Re Foster,* 11 B.R. 476, 4 C.B.C.2d 763 (Bkrtcy. S.D.Cal.1981); *In Re Remy,* 8 B.R. 40, 7 B.C.D. 200, B.L.D. ¶ 67856, 3 C.B.C.2d 698

(Bkrtcy.S.D.Ohio 1980); *In Re Hines,* 7 B.R. 415, 6 B.C.D. 1356, 3 C.B.C.2d 367 (Bkrtcy. D.S.D.1980); *In Re Webb,* 3 B.R. 61, 5 B.C.D. 1379, B.L.D. ¶ 67449 (Bkrtcy.N.D. Cal.1980); *In Re Rush,* 6 B.C.D. 139, B.L.D. ¶ 67415 (Bkrtcy.S.D.Fla.1980); *In Re Pollock,* 6 B.C.D. 1280, 2 C.B.C.2d 314 (Bkrtcy. S.D.Fla.1980); and *In Re Price,* 5 B.C.D. 1115, B.L.D. ¶ 67287 (Bkrtcy.N.D.Cal.1979).

On the other hand the following few cases have held that the Rule is inconsistent and, therefore, inapplicable to the Code. See *In Re Musgrove,* 4 B.R. 322, 6 B.C.D. 402, 2 C.B.C.2d 238 (Bkrtcy.M.D.Fla.1980); and *In Re Busman,* 5 B.R. 332, 6 B.C.D. 683 (Bkrtcy.E.D.N.Y.1980).

In the recent case of *In Re Hines* (Bkrtcy. S.D.Ohio, W.D.1982), 20 B.R. 44, 47, the Court pointed out the purpose of the Rule as follows:

Bankruptcy Rule 13–302(e)(1) was enacted to enable the identification of all of the secured creditors early in a bankruptcy proceeding. Under the Bankruptcy Act, as was interpreted in the Sixth Circuit, secured creditors possessed "life and death" control of a bankrupt's Chapter XIII plan. §§ 651 and 652 of the Bankruptcy Act of 1898; *In Re Worley,* CCH Bankr.L.Rep. ¶ 64283 (E.D.Mich.1970), aff'd sub nom. *Worley v. Budget Credit Union,* CCH Bankr.L.Rep. ¶ 64285 (6th Cir.1971), cert. denied, 406 U.S. 907, 92 S.Ct. 1613, 31 L.Ed.2d 817 (1972); *In Re Pappas,* 216 F.Supp. 819 (S.D.Ohio 1962). Under the Act, any secured creditor dealt with by a Chapter XIII plan filed in this Court had to accept the plan in writing before the Court could confirm the plan. *In Re Pappas,* supra, at 882. As a practical matter, the bankrupt was therefore required to deal with any rejecting secured creditor outside of his plan, or else the plan could not be confirmed by the Court. It was therefore imperative under the Act that all secured creditors be required to file early in the proceeding in order to permit efficient processing of Chapter XIII plans. This concern regarding secured creditors "veto" power over a Chapter XIII plan is no longer relevant to

11 U.S.C. Chapter 13 plans. 11 U.S.C. § 1325(a)(5).

Even though the Hines Court indicated that the "veto" power of secured creditors over a Chapter 13 plan is no longer relevant to Code cases it felt that the Rule was not inconsistent and, therefore, still applicable.

Notwithstanding the requirement under the Rule for the filing of a secured claim prior to the conclusion of the first meeting of creditors the Rule does permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee or a co-debtor. This, in effect, means that the Court still has discretion to permit a late filing by a secured creditor.

In the instant case the Debtor in its Schedules recognized the claim of First Inter-State Bank as secured. The Trustee has no objection to the secured status of the claim. The Plan of the Debtor provides for equal treatment of secured and unsecured claims and it cannot be consummated without the sale of the homestead property of the Debtor in which there appears to be substantial equity. Therefore, it appears that the allowance of the Bank's claim as secured would not jeopardize the interest of any party. Such being the case, the Court would be exercising sound discretion in permitting the late filing of the Bank's claim and allowing it as secured.

The Bank's Motion for late filing is supported by *In Re Hart Ski Mfg. Co., Inc.* (U.S. Bankruptcy Court, District of Minn.), 5 B.R. 326. In this case the Court pointed out that the filing of a claim is a ministerial act and that if there is a sufficient showing upon the record prior to the expiration of time for filing a claim of the existence, nature and amount of the claim, the claimant should be permitted to amend its claim to conform with the technical requirements. The Hart case involved the filing of an unsecured claim outside of the six-month period prescribed by § 57(n) of the Bankruptcy Act. The same principle applies under the Code. The *Hart* Court in support of its decision cited Collier on Bankruptcy (14th Ed.) § 57.11(3) as follows:

" 'It is well settled that if there is upon the record in the bankruptcy proceedings, within the six months prescribed by § 57n, anything sufficient to show the existence, nature and amount of a claim, it may be amended even after the expiration of the period.' This Court believes that in the interest of equity this rule should continue under the new Code." 5 B.R. 326, 328.

In the case of *In Re Remy* (Bkrtcy.S.D. Ohio, 1980), 8 B.R. 40, the Court pointed out that Rule 13–302(e)(1) is not inconsistent with the Bankruptcy Code and, therefore, a secured claim must be filed before the conclusion of the first meeting of creditors. However, even though the Court felt that the Rule was harsh it pointed out that the harshness is softened by the ability of the debtor, co-debtor or trustee to waive the bar date. It referred to the last sentence of the Rule under which the Court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee or a co-debtor.

Under all of the circumstances in this case, the Court in the exercise of its discretion, feels that the late filing should be permitted and the claim allowed as secured.

## ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the claim of the First Inter-State Bank in the sum of $35,136.42 with interest at $7.95 per diem from October 23, 1980 and actual attorney's fees and costs incurred in the institution of a Complaint of Foreclosure is deemed as timely filed and should be allowed as secured.