**WATERFIELD MORTGAGE CO., INC., Plaintiff,**

v.

**Robert J. CLARK, Brenda C. Clark, Defendants.**

**In the Matter of Robert J. CLARK, Brenda C. Clark, Debtors.**

**Bankruptcy No. 3–82–02442. Adv. No. 3–83–0201.**

United States Bankruptcy Court, S.D. Ohio, W.D.

July 14, 1983.

Richard A. Schwartz, Dayton, Ohio, for plaintiff.

Christopher M. Hawk, Dayton, Ohio, for debtors.

George W. Ledford, Englewood, Ohio, trustee.

CHARLES A. ANDERSON, Bankruptcy Judge.

## PRELIMINARY PROCEDURE

This matter is before the Court upon "Complaint to Modify Stay" filed on 17 March 1983. The Court heard the matter at a preliminary hearing held on 12 April 1983. Note 11 U.S.C. § 362(d) and (e). At the preliminary hearing, the parties agreed to submit the matter on the record and stipulations of fact, which were subsequently jointly submitted on the basis of "Pretrial Order" approved by the Court on 23 May 1983. The following decision is based upon the record, inclusive of the agreed Pretrial Order, and also the record in Debtors' estate file, numbered 3–82–02442, which is judicially noticed herein.

## FINDINGS OF FACT

Debtors filed a Chapter 13 Petition on 31 August 1982. On 13 October 1982, the Court duly confirmed Debtors' Chapter 13 Plan. The Plan provides that the Trustee shall pay Plaintiff 100% of its claim which is secured by mortgage on Debtors' home.

Plaintiff's claim was duly scheduled, and Plaintiff timely filed a Proof of Claim. Plaintiff did not object to the confirmation of Debtors' Plan.

The parties have stipulated that Plaintiff's claim, as of 16 April 1983, was in the amount of $31,262.58 for unpaid principal and $2,636.38 for unpaid accrued interest. Plaintiff also asserts a claim for $95.36 for "unpaid late charges" which, by terms of

contract, is 4% "on all payments received after the 15th of the month." Plaintiff also asserts that the "mortgage secures" Debtors' obligation to reimburse Plaintiff's expenses incurred in collection on Plaintiff's claim. The amount of these expenses is unspecified.

The underlying contract provides that the monthly payment on Plaintiff's claim is to be $472.00 plus $18.88 if a "late charge" is assessed. At the time of their Petition filing, Debtors were one month in arrears, for an aggregate arrearage of $490.88.

The parties have stipulated that, as of 25 March 1983, Debtors paid the Trustee $2,573.47, but that Debtors had incurred "postconfirmation obligations" of $2,945.28 owing to Plaintiff. Furthermore, the parties have stipulated that by 16 April 1983, Debtors had incurred postconfirmation obligations of $3,436.16, but that Plaintiff had received distributions from the Trustee totaling "only" $1,591.14 on the claim.

The value of the subject real estate was not litigated by the parties. The parties have stipulated that Debtors purchased the home in November of 1981 for $31,000.00. Debtors estimated in their Schedules that the real estate fair market value is $31,-500.00. On 24 September 1982, however, the Trustee filed an appraisal indicating the fair market value is $36,000.00.

Plaintiff essentially alleges that the instant Plan is underfunded, and that Plaintiff's aggregate distribution by the Chapter 13 Trustee will not "cure" the prepetition arrearage and bring the mortgage payments current. Plaintiff argues that the Plan therefore operates in violation of 11 U.S.C. § 1322(b)(2) by "impermissibly modifying" Plaintiff's secured claim in Debtors' principal residence, and that such violation should constitute grounds for a grant of relief from stay pursuant to 11 U.S.C. § 362(d).

Debtors respond that the Plan provides for payment of Plaintiff's claim in full, and that Debtors have timely made all their payments to the Chapter 13 Trustee. Debtors further argue that this Court's Order of Confirmation of Debtors' Plan is *res judicata* of the issues raised herein.

The instant Complaint does not name the Chapter 13 Trustee as a party herein. The Trustee, however, received a copy of the Complaint as part of this Court's clerical practice of sending the Chapter 13 Trustee all filings within Chapter 13 proceedings. On 5 April 1983, the Trustee filed an "Answer" in which he neither admitted nor denied the allegations in the Complaint, but instead asserted his fiduciary capacity as Chapter 13 Trustee, and his interest in the property and any proceeds thereof as part of the corpus of his trust.

The Trustee further advised, in an addendum to his Answer, that he will not routinely indorse any orders granting relief from stay unless the orders include the following language:

The Trustee shall be an indispensable and necessary party

in interest to any termination of the Trustee's, estate's, or Debtor's interest in the real estate, and he shall be made a party defendant in any state court action to enforce the Plaintiff's lien. These conditions continue until the earliest of the time the case is closed, dismissed, or a discharge is granted or denied.

The Court notes that the Trustee was not actively involved in the prosecution of this adversarial proceeding. The Court specifically notes that the Trustee did not attend the preliminary hearing, did not indorse the Pretrial Order, and has not filed a pleading which is "responsive" to the Complaint herein.

Debtors' Answer also alleges that the Trustee is a necessary party to the instant action.

## DECISION AND ORDER

11 U.S.C. § 1322(b)(2) prohibits a debtor from modifying the rights of a creditor secured only by a security interest in real estate that is the debtors' principal residence. It is undisputed that Plaintiff is such a creditor.

The basic question before the Court is whether Plaintiff is entitled to relief from stay if a duly confirmed plan, which by its literal terms complies with 11 U.S.C. § 1322(b)(2), *de facto* operates in contravention to 11 U.S.C. § 1322(b)(2). The Court reiterates that Debtors' Plan provides for 100% payment of Plaintiff's claim and that the apparent increase in the arrearage on Plaintiff's claim is occasioned by either inadequate funding of the Plan or by delay in the Chapter 13 processing of the claim.

## I.

█ The Court initially makes the specific determination that the Chapter 13 Trustee is not a party in the instant proceeding. The Complaint does not name the Chapter 13 Trustee as a party defendant, and the Trustee has not appeared herein. The Trustee's "Answer" is not "responsive" to the basic issues raised by the Complaint, and adds nothing to resolution of the Complaint. To avoid confusion, it is the opinion of the Court that the Trustee's "Answer" should be deemed as surplusage and as a nullity.

## II.

Debtors' Plan, by its literal terms, *prima facie* appears to comply with 11 U.S.C. § 1322(b)(2). It further appears from the instant record that Debtors' payments to the Chapter 13 Trustee are current. In addition, it is undisputed that all Chapter 13 procedural requirements have been fulfilled to date and that Debtors have complied with all orders of this Court to date.

It appears that Plaintiff is essentially urging that, although the Plan appears to comport with 11 U.S.C. § 1322(b)(2), performance of the Plan nevertheless operates in contravention of 11 U.S.C. § 1322(b)(2) by delaying payments as contemplated in the underlying contract, and that the alleged *de facto* "modification" of Plaintiff's secured claim constitutes "cause" for relief from stay pursuant to 11 U.S.C. § 362(d)(1).

█ Resolution of the question whether the *performance* of a plan, which otherwise complies with 11 U.S.C. § 1322 and which, if completed, will ultimately result in full satisfaction of the requirements of 11 U.S.C. § 1322, nevertheless actually operates to violate 11 U.S.C. § 1322(b)(2), however, requires joinder of the Chapter 13 Trustee. In this case, Debtors' Plan provides for the curing of Debtors' default and for payment in full of all current mortgage payments, and Debtors have duly made all required payments to the Chapter 13 Trustee. If the alleged "modification" of Plaintiff's claim is actually a result of delays occasioned in the processing of Plaintiff's claim through Chapter 13 administration, such allegation, if accepted as true, would not state a cause of action against Debtors, since they have acted in full compliance with the Bankruptcy Code and orders of the Court, but instead is directed at the Trustee's administration of the claim and his fiduciary responsibilities.

█ In this regard, the Court also notes that typically this Court would not grant any remedy for "modification" of a claim resulting merely from usual delays in Chapter 13 administration. Furthermore, the Court, as a general rule, will not permit the enforcement of contractual penalty provisions, such as clauses providing for "late charges" or "collection expenses," for "breaches" resulting solely from delays in Chapter 13 administration. Despite the provision in the contract liquidating damages, such "claims" should be deemed unreasonable and not allowable as a matter of public policy unless a creditor documents actual (mitigated) damages or unless allowable under 11 U.S.C. § 503(b)(3) and (4). *Note* 11 U.S.C. §§ 502(j) and 506(b); *See also,* 5 *Corbin on Contracts* §§ 1057 and 1063. Furthermore, any postpetition transfer based upon such claim for "damages" might otherwise arguably be avoidable under 11 U.S.C. § 549. These issues, however, are not capable of resolution herein without joinder of the Trustee in the pleadings.

## III.

█ If the alleged "modification" of Plaintiff's claim, however, is a result of

insufficient aggregate funding or merely a delayed commencement of Chapter 13 payments, the funding of the Chapter 13 Plan is now *res judicata,* absent fraud. 11 U.S.C. §§ 1327 and 1330. In this regard the Court reiterates that Plaintiff was duly notified as to the terms of the Plan and duly notified of the hearing on confirmation. The Court also notes that the Chapter 13 Trustee indorsed the confirmation of the Plan as a matter of record. This Court should not permit relitigation of these issues which have been resolved after notice and hearing, and resolution of which is statutorily (as well as judicially) binding on Plaintiff, 11 U.S.C. § 1327.

■ The effect of confirmation of a Plan which underfunds payment of a secured claim, however, does not preclude retention of lien rights which survive the Chapter 13 process. *See* 11 U.S.C. § 506; and this Court's opinion in *Matter of Hines,* 20 B.R. 44, 9 B.C.D. 106, 6 C.B.C.2d 689, B.L.D. ¶ 68,760 (1983). Regardless of the terms of a Chapter 13 plan, such lien inbues a creditor with the right to seek relief from stay if the collateral underlying the lien is jeopardized pursuant to criteria set forth in 11 U.S.C. § 362(d).

In addition, Debtors' Plan provides that Plaintiff's secured claim is to be paid in full. If Plaintiff can demonstrate "material default" by Debtors in respect to this term of Debtors' Plan, Plaintiff would have the option of requesting that Debtors' case be dismissed or converted to a case under Chapter 7. 11 U.S.C. § 1307(c)(5).

■ In this case, Plaintiff has instead essentially sought the alternative remedy of relief from stay on the basis that Plaintiff failed to assert its interest at the time of plan confirmation. It is the opinion of the Court that relief from stay is not the appropriate remedy if a Chapter 13 Plan is underfunded, without more, and that Plaintiff should be estopped from "relitigating" the issue of adequate funding *per se* herein.

Plaintiff does not assert other grounds for relief from stay pursuant to 11 U.S.C. § 362(d), and the lack of adequate protection. *See,* by analogy, this Court's opinion in, *Fairchild v. Lebanon Production Credit Association (Matter of Fairchild),* Case No. 3–82–02176, Adv. No. 3–82–0849 (unreported, June 28, 1983). In this case, however, Plaintiff has asserted no other apparent grounds for relief. In this regard, the Court notes that, although not litigated, it appears that Debtors possess equity in the property and also that Plaintiff has asserted no basis for a finding that its lien is inadequately protected.

The Court also notes that, if funding were relevant to determination whether relief should be granted or if the issue arose in the context of a request pursuant to 11 U.S.C. § 1307(c), it seems wholly inappropriate for this Court to calculate whether a Chapter 13 plan is adequately funded without any input from the Chapter 13 Trustee, who undoubtedly would be, at least, a necessary party as contemplated in Rule 719(a) of the Bankruptcy Rules of Procedure. The Chapter 13 Trustee has access to complete records regarding the accounting of a debtor's plan, and any determination by this Court without the Trustee's involvement would raise the possibility of presumptious error.

IT IS ORDERED that the Trustee's Answer filed on 5 April 1983 is HEREBY STRICKEN from the record because he was not joined in the issues pleaded.

IT IS FURTHER ORDERED that Plaintiff is GRANTED two weeks LEAVE to amend its Complaint TO JOIN the Trustee as a party defendant herein and/or to address the legal issues as discussed above.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if, within two weeks, the Trustee is not joined as a party defendant, the instant proceeding will be DISMISSED, without prejudice and without the necessity of further notice or hearing, for failure to state a cause of action and to join an indispensable party.