**In re William D. MUSGROVE, Debtor.**

**Bankruptcy No. 80–84–BK–J.**

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

May 22, 1980.

---

**13.** *Underhill, supra,* at 520, referring to *Bowling Green Savings Bank v. Todd,* 52 N.Y. 489 (1873).

Douglas P. McClurg, Mahoney, Hadlow & Adams, Jacksonville, Fla., for creditor.

Winston W. Jacobo, Live Oak, Fla., for debtor.

### ORDER OVERRULING OBJECTION TO CLAIM

GEORGE L. PROCTOR, Bankruptcy Judge.

Debtor has objected to Claim No. 3 as not being timely filed, pursuant to Bkrp.R. 13–302(e)(1), before the conclusion of the first meeting of creditors. The court overrules the objection on the basis that Rule 13–302(e)(1) is inconsistent with the Bankruptcy Code.

Rule 13–302(e)(1) states:

A secured claim, whether or not listed in the Chapter 13 Statement, must be filed before the conclusion of the first meeting of creditors in the Chapter 13 case unless the court, on application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for purposes of voting and distribution in the Chapter 13 case. Notwithstanding the foregoing, the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a co-debtor.

The editors of the 1979 Collier pamphlet edition of the Bankruptcy Rules believe that this rule is not affected by the Code. The court is aware of other cases in which Rule 13–302(e)(1) was held applicable to Code cases. *In re Rush*, 6 B.C.D. 139 (S.D. Fla.1980); *In re Price*, 5 B.C.D. 1115 (N.D. Calif.1979). Through its own analysis, this court concludes that the Rule is inapplicable to cases under the Bankruptcy Code.

The core of the Rule is that a claim filed late will lose its secured status *for purposes of voting* and distribution *in the case.* Under the new Chapter 13, there is no longer a vote for either secured or unsecured creditors. Instead, unsecured creditors are protected by the best interest test of § 1325(a)(4) and the good faith test of § 1325(a)(3). Secured creditors are dealt with in one of the three ways provided by § 1325(a)(5): each must accept the plan, have his property returned to him, or be "crammed down" pursuant to § 1325(a)(5)(B). The secured creditors are not polled by the court to determine whether they accept or reject the plan; it is up to the debtor to deal with each secured creditor in one of the three ways provided.

The Rule states that secured claims must be filed before the conclusion of the first meeting of creditors in the Chapter XIII case. The rationale for this Rule was administrative convenience. In an old Chapter XIII case, a court would typically adjourn the first meeting of creditors and immediately begin the confirmation hearing at which the votes were tallied. A vote could not be taken unless all valid ballots were in.

Under the Code, this scheme is no longer appropriate. There is no longer a "first meeting of creditors," only a "meeting of creditors" pursuant to § 341(a) at which the court does not preside. Subsequent to the § 341(a) meeting, the court holds a confirmation hearing on the plan at which the treatment of secured creditors is measured against the requirements of § 1325(a)(5). A bar date for filing secured claims unrelated to the date of the confirmation hearing is simply not meaningful. Rule 13–201 re-

quires that a plan shall be filed within ten (10) days of the petition. In his plan, the debtor will presumably attempt to deal with his secured creditors as required by § 1325. Yet, Interim Rule 2003 states that the meeting of creditors must be held not less than twenty (20) days after the order for relief. It is ludicrous to expèct the debtor to formulate his plan on the basis of whether his creditors will choose to file claims two weeks hence.

Further, the Rule only purports to affect secured claims for purposes of voting and distribution. The *Rush* case recognizes that the failure to file a claim as provided by the Rule is not a forfeiture of security. Also, Bkrp.R. 701 provides a general rule that avoidance of a lien can only be done through an adversary proceeding. In a Code case, if the lien is unaffected by the creditor's failure to timely file, then the Rule has little or no impact. Secured creditors under the plan must still be dealt with according to § 1325. Secured creditors who may look to their lien rights would be unconcerned if they have lost their "vote."

In sum, it is the debtor who decides how he will deal with his secured creditor. If the creditor accepts the plan, then his rights are fixed under the plan. If he does not, then the debtor has a choice of either cramming him down or returning the security. Concepts such as voting and first meeting of creditors are not relevant in a Chapter 13 proceeding under the Code.

Wherefore, in view of the foregoing discussion, the debtor's objection to Claim No. 3 as not being timely filed is overruled.