In re Donald K. BEMAN and Lynn S. Beman, Debtors.

Bankruptcy No. 81-B-20416.
No. 81 Adv. 6146.

United States Bankruptcy Court,
S. D. New York.

Feb. 8, 1982.

secured status for distribution purposes for having failed to file a proof of claim before the conclusion of the Code § 341(a) creditors' meeting. The language in Bankruptcy Rule 13–302(e)(1) suggests that the tardy claim be treated as unsecured for distribution purposes, unless the application of such rule is inconsistent with the present Bankruptcy Code. The plaintiff, Citizens First National Bank of New Jersey, a mortgagee with a secured claim against the debtor's real property, contends that Rule 13–302(e)(1) is in fact inconsistent with Code § 1325. Alternatively, plaintiff argues that the notification it received regarding the scheduling of the § 341(a) meeting was deficient and misleading because it omitted the required warning pursuant to Rule 13–204(a)(1) that creditors holding secured claims must file their secured claims prior to the conclusion of the § 341(a) meeting.

## FACTS

1. On July 13, 1981, Donald K. Beman and Lynn S. Beman filed a joint petition under Chapter 13 of the Bankruptcy Reform Act of 1978 in accordance with 11 U.S.C. § 302.

2. The debtors listed the plaintiff, Citizens First National Bank of New York ("the Bank") as holding a secured claim. The debtors, who were principals of Aerosols Control Corporation ("Aerosols") are obligated to the Bank as personal guarantors of a corporate debt incurred by Aerosols when the Bank extended credit to the corporation in return for mortgages executed by the debtors as security.

3. The underlying obligation of Aerosols has been in default since February 1, 1980, causing the Bank to seek enforcement of the debtors' personal guarantee for the debt.

4. Counsel for debtors sent a letter on July 28, 1981 to plaintiff's local New York counsel (Lexow & Jenkins, P.C.) informing them that the debtors' Chapter 13 petition had been filed. In turn, Lexow & Jenkins forwarded the information in early August to George Cotz, Esq., an associate with the

Sidney Turner, White Plains, N. Y., for Citizens First Nat. Bank of New Jersey, plaintiff.

Jeffrey L. Sapir, Yonkers, N. Y., for Donald K. Beman and Lynn S. Beman, debtors.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This controversy raises the issue as to whether or not a creditor holding a secured claim in a Chapter 13 case must lose its

firm of Weber, Muth & Weber, plaintiff's New Jersey counsel.

5. During August, Mr. Cotz attempted to ascertain the date for the § 341(a) creditors' meeting from debtor's counsel, but was unsuccessful. Mr. Cotz did not contact the court.

6. A § 341(a) creditors' meeting was scheduled for August 26, 1981, at 8:45 a. m. The trustee, Albert Togut, indicated in the minute report of the meeting that it was closed on the same date. The plaintiff did not file a claim before the conclusion of the meeting.

7. Notice of the meeting was mailed from this court on August 7, 1981. However, the Bank apparently received the notice on August 26, 1981, the very day the § 341(a) meeting was scheduled, according to the notation on ledger records annexed to the affidavit of C. Thomas Massey, assistant vice president of the Bank. By the time the notice was received, the starting time for the meeting had already passed. The Bank did not attend the meeting.

8. On August 28, 1981 Mr. Massey sent the notice of the creditor meeting to the Bank's counsel, Mr. Cotz, who was on vacation from August 28 through September 8 inclusive. Thus, Mr. Cotz received the notice upon his return on September 9, and thereafter prepared the Bank's proof of claim, filing it with the court on September 11, 1981.

9. Thereafter, the plaintiff commenced an adversary proceeding to vacate the automatic stay pursuant to Code § 362(d). The complaint was dismissed by order dated December 23, 1981, and the stay was continued because the plaintiff failed to sustain its burden of proving the debtors' lack of equity, as required under Code § 362(g). However, the debtors also contended that the plaintiff should be treated as holding an unsecured claim because it failed to file its secured claim before the conclusion of the § 341(a) meeting.

This issue was thereafter set down for a separate hearing as to the asserted conflict with Rule 13–302(e)(1), resulting in the following decision:

## DISCUSSION

Bankruptcy Rule 13–302(e)(1) states the following:

"(e) Time for Filing.

(1) *Secured Claims. A secured claim, whether or not listed in the Chapter XIII Statement, must be filed before the conclusion of the first meeting of creditors in the Chapter XIII case* unless the court, on application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. *Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for* purposes of voting and distribution in the *Chapter XIII case.* Notwithstanding the foregoing, the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a codebtor." [Emphasis added]

The purpose for the bar date expressed in the Rule is the need for an early determination of those secured creditors who have accepted the debtor's plan so as to facilitate confirmation and distribution under the plan. Under the former Bankruptcy Act, a Chapter XIII plan could not be confirmed unless all of the secured creditors accepted the debtor's plan. The date scheduled for the meeting of creditors would conclude with the confirmation hearing, making it imperative for the secured creditors to have their claims filed before the conclusion of the meeting. *In re Musgrove*, 4 B.R. 322 (Bkrtcy M.D.Fla.1980); *In re Busman*, 5 B.R. 332 (Bkrtcy E.D.N.Y.1980); 3 *Norton Bankruptcy Law and Practice*, Part 74-page 8. See, Bankruptcy Rules 13–204(a)(2) and 13–213(a).

If a secured creditor did not file a claim before the deadline, the claim would be treated as unsecured, leaving the creditor unable to participate in a vote on the debtor's plan or to receive distribution as a secured creditor. However, if the claim were filed within the time period allowed for filing unsecured claims under Rule 13–302(e)(2), (6 months after the first date set

for the first meeting of creditors), the creditor was entitled to an unsecured share, but would not forfeit his lien. See, *In re Price,* 5 B.C.D. 1115 (Bkrtcy.N.D.Cal.1979).

The Bankruptcy Rules promulgated prior to the enactment of the Code remain effective for Code cases except where they are deemed inconsistent with or superseded by Code provisions. 11 U.S.C. Title IV, § 405(d). The language in Rule 13–302(e)(1) requires a creditor holding a secured claim to file his claim prior to the conclusion of the meeting of creditors at the risk of losing secured status for voting and distribution, notwithstanding that the procedural aspects of a Chapter 13 Code case are very different from those in a Chapter XIII Act case. There is no longer any requirement that a debtor's plan be approved by a vote of the holders of secured claims in order to pass muster for confirmation. The debtor has three options for dealing with a secured claim. Bankruptcy Code § 1325(a)(5) provides that (A) holders of secured claims may accept the plan, or (B) the debtor may "cram down" the allowed secured claim to the value of the collateral securing it, after a valuation hearing under § 506(a) (except a claim secured only by a security interest in the debtor's principal residence; Code § 1322(b)(2)), or (C) the debtor may surrender the property securing the claim. Since secured claim holders no longer control the acceptance or rejection of a debtor's Chapter 13 plan, and since the dates for the § 341(a) meeting and the confirmation hearing no longer coincide,[1] the early bar date in Rule 13–302(e)(1) no longer serves any meaningful purpose under the Code. The Rule's time limitation is inconsistent with the options given to the debtor under § 1325(a)(5) for treatment of the se-

cured claim holders. *In re Musgrove,* supra; *In re Busman,* supra.

Therefore, this court holds that Bankruptcy Rule 13–302(e)(1), which requires secured claims to be filed before the conclusion of the § 341(a) meeting is inconsistent with the provisions of the Bankruptcy Code.[2]

It is interesting to note that Bankruptcy Rule 13–204(a)(1) sets forth a requirement for sufficient notice to secured claim holders, stating in the *third* sentence, in pertinent part:

"Rule 13–204

Meeting of creditors

(a) *First Meeting*

(1) *Date and Place*

. . . . .

The notice shall state that *any secured claim not filed before the conclusion of the first meeting of creditors* or within such extended time as the court may fix *will not be treated as a secured claim for purposes of voting and distribution* . . . ." [Emphasis added]

The commentary on Rule 13–204 in 2 *Collier on Bankruptcy* ¶ 341.07, p. 341–13, 15th ed. 1981, raises the issue of inconsistency:

"It is arguable that the third sentence of subsection (2)(1) is inconsistent with the Bankruptcy Code and therefore is superseded by it. The requirement that the notice state "any secured claim not filed before the conclusion of the first meeting of creditors . . . will not be treated as a secured claim for purposes of voting and distribution" could be considered inconsistent with the treatment of secured creditors permitted by sections 1322(b)(2) and section 506(a) of the Bankruptcy Code."

---

1. The § 341(a) meeting is now presided over by a trustee rather than the court, and the confirmation hearing is held on a separate day, usually six months later, during which the court determines if the debtor's plan satisfies the provisions for confirmation under § 1325 of the Code.

2. This court is aware of the line of cases that have held Rule 13–302(e)(1) applicable to cases under the Code: *In re Hines,* 7 B.R. 415 (Bkrtcy.D.S.D.1980); *In re Price,* 5 B.C.D. 1115, (Bkrtcy.N.D.Cal.1979); *In re Pollock,* 6 B.C.D. 1280, (Bkrtcy.S.D.Fla.1980); *In re Rush,* 6 B.C.D. 139 (Bkrtcy.S.D.Fla.1980); *In re Remy,* 8 B.R. 40, 3 C.B.C.2d 698 (Bkrtcy.S.D.Ohio 1980); *In re Webb,* 3 B.R. 61, 5 B.C.D. 1379 (Bkrtcy.N.D.Cal.1980); *In re Louie,* 10 B.R. 928, 7 B.C.D. 678 (Bkrtcy.E.D.Mich.1981); *In re Powell,* 15 B.R. 465, 5 C.B.C.2d 775 (Bkrtcy.N.D.Ga.1981).

Similarly, the 1978 Bankruptcy Code Comment to Rule 13–204 contained in the 1979 Collier Pamphlet Edition—Bankruptcy Rules and Official Forms at p. 765, states in relevant part:

"1978 Bankruptcy Code—Comment

Subdivision (a)(1). The third sentence of this subdivision, referring to secured creditors, is inconsistent with the treatment of secured creditors permitted by 11 U.S.C. §§ 1322(b)(2) and 506(a)."

Manifestly, the time bar warning for the secured creditors that Rule 13–204(a)(1) requires in the § 341(a) meeting notice uses identical language to that contained in Rule 13–302(e)(1). Thus, both Rules are equally inconsistent with the Code, rendering moot the Plaintiff's assertion of defective and misleading notice.

Assuming arguendo that both Rules were consistent with the Code, all of the § 341(a) meeting notices that the court mailed to the plaintiff were indeed misleading and defective in that the date indicated on the notice as the last day for filing claims in order to share in any distribution from the estate was February 26, 1982, six months after the scheduled date of the § 341(a) meeting. It is reasonable to expect the Bank to rely on the court's notice as expressing the correct deadline.

■ The debtor waves the time-worn banner of "ignorance of the law is no excuse", emphasizing that even the holder of a secured claim who was not listed in the debtor's Chapter 13 schedules, and who would therefore never receive any notice of the § 341(a) meeting, would be held to the 13–302(e)(1) bar date. The language of the first sentence of the Rule supports the debtor's contention. However, the debtor's argument elides the fact that Rule 13–204(a)(1) requires that the meeting notice apprise the secured claim holders that their claims must be filed prior to the conclusion of the § 341(a) meeting. As this requirement was not satisfied, the omission was misleading and it would be inequitable to permit the forfeiture of the creditor's secured status. In any event, since Rule 13–302(e)(1) is inconsistent with the Code, the issue concerning the adequacy of the meeting notice need not be further explored.

One approach for harmonizing Rule 13–302(e)(1) with the Code is to keep the § 341(a) creditors' meeting in an "open" status until the expiration of the six month period for filing unsecured claims. The time limit as expressed in Rule 13–302(e)(2) requires unsecured creditors to file their claims "within six months after the first date set for the meeting of creditors ...." If the meeting is held "open" during the six month interval, then a secured creditor filing within that limit will have satisfied the 13–302(e)(1) bar date, having filed *before the conclusion of the § 341(a) meeting.* Since Rule 13–302(e)(2) permits the filing of unsecured claims within six months after the first date set for the meeting of creditors in a Chapter 13 case, there appears to be no reason why secured claims should be treated differently, especially since their votes are no longer required for confirmation of a plan. The extended time period for filing secured claims would minimize the risk of losing secured status and would provide equality of treatment for both secured and unsecured claims. A confirmation hearing would then be held at the termination of the six month period. In the interim, the debtor should be directed to commence payments to the standing Chapter 13 trustee in accordance with the proposed payments under the debtor's plan so as to ensure the debtor's good faith and to prevent the Chapter 13 proceeding from being used as an umbrella to avoid post-petition payments required under the plan.

This court has prospectively adopted this solution and has instructed the Deputy Clerk and the Chapter 13 standing trustee to hold open all § 341(a) meetings for six months, running from the date of the first meeting of creditors. This action will eliminate the risk of forfeiture of secured status for failing to file a claim prior to the conclusion of the § 341(a) meeting.

### CONCLUSIONS OF LAW

1. Bankruptcy Rule 13–302(e)(1) is deemed inconsistent with the provisions of

the Bankruptcy Code and therefore is inapplicable to Chapter 13 cases.

2. The failure of the Bank to file its secured claim before the conclusion of the § 341(a) meeting will not jeopardize its secured status for purposes of distribution under the debtor's Chapter 13 plan.

SETTLE ORDER ON NOTICE in accordance with the foregoing, including an amendment of the December 23, 1981 order to the effect that the plaintiff bank is the holder of a secured claim.