In re Marvin S. ISAACS, Ruth G. Isaacs, Debtors.

Bankruptcy No. 81–1–0804.

United States Bankruptcy Court, D. Maryland, at Rockville.

May 3, 1982.

Thomas L. Lackey, Upper Marlboro, Md., Trustee of the Estate.

Tomas Shpall, for Asta Credit Corp., Assignee of SWC & F Employees Federal Credit Union.

Lawrence S. Jacobs, for debtors.

## MEMORANDUM OPINION

PAUL MANNES, Bankruptcy Judge.

This matter came on for hearing on the debtors' objection to the claim of Asta Credit Corporation, assignee of SWC & F Employees Federal Credit Union (henceforth Asta). The debtors filed their petition on June 23, 1981, and the Chapter 13 trustee conducted a meeting of creditors pursuant to 11 U.S.C. § 341 on October 6, 1981. The court confirmed the debtors plan on December 21, 1981, and Asta filed its proof of claim on December 30, 1981.

This case presents two issues: whether filing a secured claim after the first meeting of creditors automatically causes forfeiture of its secured status and, if not, whether the particular security interest held by Asta was perfected properly under applicable state law.

Bankruptcy Rule 13–302(e)(1) contains a time bar for the filing of secured claims and states:

(e) *Time for Filing.*

(1) *Secured Claims.* A secured claim, whether or not listed in the Chapter XIII Statement, must be filed before the conclusion of the first meeting of creditors in the Chapter XIII case unless the court, on application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for purposes of voting and distribution in the Chapter XIII case. Notwithstanding the foregoing, the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a codebtor.

The threshold question presented here is whether the time bar in Rule 13–302(e)(1) operates to destroy the secured status of Asta's claim, which was filed not only after the meeting of creditors, but, also, after the court confirmed the debtors' plan. The answer to the question is complicated by the fact that the rule quoted above shall apply only to the extent that it is not inconsistent with the Bankruptcy Reform Act of 1978, Public Law 95–598, Sec. 405(d), U.S.Code Cong. & Admin.News 1978, p. 5787.

Resolution of this issue requires more than a mechanical application of Rule 13–302(e)(1). The court must consider the sections of the Code that govern procedures in Chapter 13 cases. Chapter 13 cases differ, both substantively and procedurally, from cases conducted under Chapter XIII of the Act. The time bar imposed by Rule 13–302(e)(1) is inconsistent with the overall scheme of Chapter 13 and is, therefore, ineffective. This court is aware of the differing decisions on this issue. A number of courts have that the time bar is effective. *See e.g. In Re Powell,* 15 B.R. 465, 5 C.B. B.2d 775 (Bkrtcy.N.D.Ga.1981); *In Re Louie,* 10 B.R. 928, 7 B.C.D. 678 (Bkrtcy.E.D. Mich.1981); *In Re Webb,* 3 B.R. 61, 5 B.C.D. 1379 (Bkrtcy.W.D.Cal.1980); *In Re Remy,* 8 B.R. 40, 3 C.B.C.2d 698 (Bkrtcy.S.D.Ohio 1980). This court, however, finds the reasoning of those courts less compelling than that of the courts holding the time bar ineffective. *See e.g. In Re Beman,* 18 B.R. 90, 8 B.C.D. 914 (Bkrtcy.S.D.N.Y.1982); *In Re Musgrove,* 4 B.R. 322, 6 B.C.D. 402 (Bkrtcy.M.D.Fla.1980).

The provisions of the Act that mandated this time bar no longer exist. The meeting of creditors and the confirmation hearing no longer coincide. Treatment of secured creditors in general is different because they need no longer accept a plan before the court can confirm it. Secured creditors may accept the plan, recapture their collat-

eral if the debtors surrender it, or receive the value of their collateral after a hearing pursuant to 11 U.S.C. § 506(a). *See* 11 U.S.C. §§ 506(a); 1322(b)(2); 1325(a)(5); *In Re Beman*, 18 B.R. 90, 8 B.C.D. 914 (Bkrtcy. S.D.N.Y.1982) (reviewing the options available to secured creditors).

■ The language of the Rule, with its reference to "voting," demonstrates that the time limit was designed to require all secured creditors to identify themselves at the time of confirmation, so that they could not, later, appear and disrupt consummation of a confirmed plan under Chapter XIII. Because secured creditors no longer vote on confirmation, because the two meetings are no longer coincident, and because the status and value of a secured claim need not be determined until long after the meeting of creditors, the time limit set forth in Rule § 13–302(e)(1) serves no purpose.

Further, the notice sent out by the court informed creditors that *all* claims must be filed within six months, stating:

> In order to have his claim allowed so that he may share in any distribution from the estate, a creditor must file a claim, whether or not he is included in the list of creditors filed by the debtor. Claims which are not filed within 6 months after the above date set for the meeting of creditors will not be allowed, except as otherwise provided by law.

This notice indicates that all creditors have six months within which to file claims. The notice of the meeting of creditors accurately reflects this court's understanding that the bar date is no longer meaningful.

The Rule itself states that the court may permit later filing of a secured claim for the purpose of distribution. This court will permit filing of a secured claim to allow distribution for six months after the meeting of creditors, making the final date for filing all claims coincident.

■ Having concluded that the claim of Asta does not lose its secured status merely because it was filed after the meeting of creditors, the court must address the issue of whether Asta properly perfected its security interest. The motor vehicle that se-cures Asta's claim was originally titled in New York, but is titled now in Maryland. Section 13–202 of the Transportation Article of the Annotated Code of Maryland governs perfection of security interests in motor vehicles.

Section 13–202(c)(1) provides:

(c) *Prior security interest on vehicle brought into State from another jurisdiction.*—(1) If a vehicle already is subject to a security interest when brought into this State, the validity of that security interest in this State is determined by the law (including the conflict of law rules) of the jurisdiction where the vehicle was located when the security interest attached, subject to the provisions of this subsection.

Even assuming that the security interest had been perfected properly under New York, the party holding the security interest, here Asta, would have to comply with either § 13–202(c)(3)(i) or (c)(3)(ii), which state:

(i) If the name of the secured party is shown on an existing certificate of title issued by that jurisdiction, the security interest continues perfected in this State; and

(ii) If the name of the secured party is not shown on an existing certificate of title issued by that jurisdiction and if the law of that jurisdiction does not provide for certificates of title disclosing security interests, the security interest continues perfected in this State for 4 months and thereafter if, within the 4-month period, it is perfected in this State, but this security interest also may be perfected in this State after the expiration of the 4-month period, in which case perfection dates from the time of perfection in this State.

If the interest of Asta was not perfected in New York at the time the vehicle arrived in Maryland, it could still have been perfected in Maryland under § 13–202(c)(4), which states:

(4) If, before the vehicle was brought into this State, the security interest was not perfected under law of the jurisdiction in which the vehicle was located when the security interest attached, it

may be perfected in this State, in which case perfection dates from the time of perfection in this State.

No certificate of title from either New York or Maryland with the interest of Asta appearing upon it was presented to the court. The court finds, therefore, that Asta failed to perfect its security interest. Therefore, its claim will be disallowed as a secured claim even though it is not automatically barred for untimeliness by Bankruptcy Rule 13–302(e)(1). The court will issue an order in accordance with this opinion.