In re Burl D. LANDERS and Becky C. Landers, Debtors.

CHRYSLER CREDIT CORPORATION, Plaintiff,

v.

Burl D. LANDERS, Becky C. Landers, and Glenn Andrews, Trustee, Defendants.

Bankruptcy No. 81–07309.
Adv. No. 82–0818.

United States Bankruptcy Court, N.D. Alabama.

Feb. 10, 1983.

W.B. Hairston, Birmingham, Ala., for plaintiff.

William Ken Rogers, Sylacauga, Ala., for debtors.

Glenn Andrews, Trustee, pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

*Introduction*—

The above-styled case was filed in this court under Chapter 13, Title 11, United States Code, on December 7, 1981, and is pending before this court under said chapter. The above-styled adversary proceeding was filed in said case by Chrysler Credit Corporation (hereinafter referred to as Chrysler), whose complaint prays for relief from the "automatic" stay provided by the terms of 11 U.S.C. § 362 or for "adequate protection", as provided for in subsection (d) and Section 361 of Title 11, with regard to its security interest in the debtors' 1978 model Dodge "Challenger" automobile. The debtors denied allegations that they were in default in making payments to Chrysler on a debt secured by Chrysler's interest in said automobile and that Chrysler was not adequately protected; and, later the debtors moved to dismiss Chrysler's complaint as failing to state a claim on which relief could be granted. Chrysler's attorney and the debtors' attorney have submitted this proceeding to the Court on the motion to dismiss, for the essential facts are not in dispute, and Chrysler's attorney has submitted a memorandum of authorities, which the Court has duly considered.

*Findings of Fact*—

As intended by counsel for Chrysler and counsel for the debtors and by the trustee, appearing *pro se,* the bankruptcy judge finds, from the facts acknowledged in open

court and from the case file, the facts to be as follows:

1. Chrysler is the assignee of the vendor of the debtors' 1978 model Dodge automobile, which they purchased under a written contract dated March 21, 1978; whereby, the vendor retained a security interest in the automobile, as collateral for the payment of the unpaid balance ($6,069.86) of the purchase price of the automobile and various charges, totaling $8,012.16, to be paid in 48 monthly installments of $166.92, commencing May 5, 1978.

2. This security interest was perfected by the filing of an application for a certificate of title for the automobile, showing Chrysler as lienholder, which was issued by the State of Alabama Department of Revenue on March 31, 1978.

3. The debtors' Chapter 13 statement showed Chrysler, to be a creditor holding a claim in the sum of $2,143.03, "[secured] by 1978 Dodge".

4. On January 4, 1982, the clerk of the Bankruptcy Court gave notice by mail to the creditors and other parties in interest of a meeting of creditors to be held, pursuant to 11 U.S.C. § 341(a), at Talladega, Alabama, on January 14, 1982, together with a hearing on the confirmation of the debtors' plan to be held one-half hour later on the same day; however, because of a snow and ice storm, the meeting of creditors and hearing were not held until January 18, 1982. The clerk gave notice of the change in dates by telephone to attorneys of record, but probably gave no notice to creditors not then represented by counsel of record.

5. The debtors' Chapter 13 plan proposed "to pay in full all debts" and provided, *inter alia,* as follows:

2. The holder of each filed and allowed secured claim shall retain the lien securing such claim until the claim is satisfied under the plan or the debt is otherwise satisfied, and such claim (with adequate compensation for the delay in payment) shall be paid in full in not more than thirty-six (36) months, in deferred cash payments determined at the hearing on confirmation of the plan.

6. The plan contained no provision for the payment of any debt by a person other than the trustee, except a debt owed to General Electric Credit Corporation and secured by the debtors' real estate and mobile home.

7. Pursuant to the confirmation hearing, there being no objection to confirmation, the Court filed findings of fact and entered an order confirming the plan, on January 19, 1982. The order directed that the debt owed to General Electric Credit Corporation be paid directly by the debtors but, otherwise, provided that the trustee distribute periodic cash dividends pro rata upon the allowed claims. The confirmation order also provided that the holder of each allowed secured claim provided for by the plan would retain such creditor's interest in the property of the debtors until satisfaction of the claim and that the property of the estates was *not* to vest in the debtors until a discharge was granted under Chapter 13 or the case was dismissed out of court.

8. On January 19, 1982, when the plan was confirmed, Chrysler had not filed a proof of claim in this case, but it did so on January 22, 1982. Attached to the proof of claim form were copies of the security agreement and certificate of title relating to the debtors' 1978 model Dodge automobile, which are referred to above.

9. No modification of the Chapter 13 plan has been made.

*Conclusions by the Court —*

The principal argument contained in the memorandum of counsel for Chrysler is that 1973 Bankruptcy Rule 13–302(e)(1) is inapplicable in cases pending under Chapter 13, Title 11, United States Code. The argument runs that this paragraph of the rule "is inconsistent and in conflict with the substantive portion [provisions?] of the Code contained in 11 U.S.C. Section 361 and U.S.C. Section 362 . . . ." It is further argued that " 'adequate protection' is not a status matter" but "is a fluid set of circumstances that are subject to continuing consideration by the court . . . ."

Section 405(d) of the Bankruptcy Reform Act of 1978[1] provides in substance that the prior bankruptcy rules "... shall apply to cases under title 11, to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or superseded ...." Rule 13–302(e)(1) is in the body of rules referred to and, thus, is applicable in the present case, unless inconsistent as stated, since no repealing or superseding rule or rules have been promulgated.

The Court is aware of considerable debate among the bankruptcy judges as to (1) whether Rule 13–302(e)(1) is applicable to cases filed under the 1978 Act or, stated differently, whether its provisions are inconsistent with the provisions of that Act or the amendments made by it and (2) whether similar provisions should be contained in the body of rules presently proposed to the Supreme Court by the Judicial Conference of the United States. A number of cases have held the rule to be applicable and binding,[2] but other cases have found the rule to be inconsistent with the present version of a case for adjustment of debts of an individual, now found in Chapter 13 of the bankruptcy statute.[3]

I have previously expressed a view that Rule 13–302(e)(1) is applicable to Chapter 13 cases under the 1978 Act[4] and a view that a serious mistake is in the making by the failure to include in Proposed Rule 3002(c)[5] provisions similar to those in Rule 13–302(e)(1).[6] Actually, I suggested the need to make a slight modification in the present rule in applying it to the present type of Chapter 13 case, by requiring that a secured claim be filed by the time of the confirmation hearing under 11 U.S.C. § 1324 rather than by the meeting of creditors called pursuant to 11 U.S.C. § 341(a), since these two events are required to be separated under the present law.[7] Proposed Rule 3002(c), however, should have provided that secured claims must be filed not later than the commencement of the creditors' meeting, in order that problems concerning secured claims—generally the crux of a Chapter 13 case—could have been then identified and solutions sought.

Chrysler's attorney argues that the omission of a requirement for early filing of secured claims, from Proposed Rule 3002(c), by the Advisory Committee on Bankruptcy Rules, supports the position that such a provision is unnecessary under, and inconsistent with, the present Chapter 13 type of case. It is argued further, that the plan may be confirmed, under the provisions of 11 U.S.C. § 1325(a)(5), without the acceptance or vote of a secured creditor.

1. Pub.L. No. 95–598 (1978).

2. *In re Remy,* 7 B.C.D. 200, 8 B.R. 40, 3 C.B. C.2d 698 (Bkrtcy. SD Ohio, 1980); *In re Price,* 5 B.C.D. 1115 (Bkrtcy. ND Cal., 1979); *In re Pollock,* 6 B.C.D. 1280, 7 B.R. 72, 3 C.B.C.2d 259 (Bkrtcy. SD Fla., 1980); *In re Hartford,* 7 B.C.D. 145, 7 B.R. 914, 3 C.B.C.2d 761 (Bkrtcy. D Me., 1981); *In the matter of Willey,* 9 B.C.D. 1002, 24 B.R. 369 (Bkrtcy. ED Mich., 1982) (dictum); *see* 5 Collier on Bankruptcy ¶ 1325.- 01, 1325–19 n. 131 (15th ed. 1979); 2 1979 Collier Pamphlet Edition, Bankruptcy Rules, R. 13–302, 1978 Bankruptcy Code—Comment, 797; *cf. In re Hines,* 6 B.C.D. 1356, 7 B.R. 415, 3 C.B.C.2d 367 (Bkrtcy.D.S.D., 1980) (rule held applicable, but late claims *equitably* allowed as secured claims); *In the Matter of Hines,* 9 B.C.D. 106, 20 B.R. 44 (Bkrtcy. S.D. Ohio, 1982) (rule held applicable because not inconsistent, but its effect stated to be variable).

3. *In re Musgrove,* 6 B.C.D. 402, 4 B.R. 322 (Bkrtcy. MD Fla., 1980); *In re Beman,* 8 B.C.D. 914, 18 B.R. 90 (Bkrtcy. SD N.Y., 1982); *cf. In re Busman,* 6 B.C.D. 683, 5 B.R. 332 (Bkrtcy. ED N.Y., 1980) (must be filed prior to confirmation hearing).

4. 3 Norton, Bankruptcy Law and Practice § 74.08 (1981).

5. Preliminary Draft of Proposed New Bankruptcy Rules and Official Forms, presented to the bench and bar by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, March 1, 1982.

6. See addendum "A" (copy of letter to The Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, July 26, 1982). I apologize to those named in the letter for this exposure, which is unauthorized, but the honorable motives of each are evident, and I trust that their generous natures will permit them to consider this trespass as slight and forgivable.

7. 11 U.S.C. §§ 341(c), 1324.

The arguments do not adequately deal with the practicalities of such a case. There is no way for determination of "secured status" of a claim—"allowed" or otherwise—except as provided in 11 U.S.C. § 506, which deals with "allowed" claims. Section 502(a) of title 11 provides that a claim is deemed "allowed", when a "proof" of the claim is filed under section 501. Thus, if a creditor is merely alleged by the debtor, creditor, or other party to be a "secured" creditor, although the creditor has not filed a "proof of claim" by the time of the confirmation hearing, which is held for consideration by the Court of the question of confirmation of the plan as conforming to 11 U.S.C. § 1325(a) [and particularly paragraph (5) and § 1322(a)(3), (b)(1) ] then, any provision of the plan which proposes to deal with that debt in any fashion will present an untestable issue. If it deals with that debt as unsecured but the creditor later may file a proof of a secured claim and not accept the plan, confirmation cannot earlier be ordered unless the plan proposes the rare treatment of surrender to the creditor of *all* of the collateral, in regard to a secured claim proven after confirmation.

Debtor's schedules are not known best for the characteristic of *reliability* and often show debts as secured which are not, debts as not secured which are, and certain property as the collateral when it is some other. The obvious question presented is whether the time for holding the meeting of creditors or the confirmation hearing is to control the time for filing proof of a secured claim or whether the time for filing such a claim is to control the time for holding the meeting of creditors or the confirmation hearing.

Under the present structure of a Chapter 13 case, the separate meeting of creditors is designed as an event at which accurate information concerning the debtor's circumstances and the claims of creditors can be sought and at which any needed negotiations can be employed. The purpose of this meeting is defeated if proofs of secured claims may be filed later.

Under present Rule 13–302(e)(2), unsecured claims must be filed "within 6 months after the first date set for the first meeting of creditors," with certain exceptions. If paragraph (1) of the rule is found "not in conflict" with the statute and applied to the case, a proof of claim which would have been allowed as a secured claim, if filed by the creditors' meeting or the confirmation hearing but is filed afterwards and within the six-month period, will be treated for purposes of "voting and distribution" [with certain exceptions] as an unsecured claim.

The practical effect of applying paragraph (2) of subsection (e) of Rule 13–302 and not applying paragraph (1), is to delay the holding of the confirmation hearing until six months after the creditors' meeting and to make largely ineffective the creditors' meeting. This means that the debtor may have a "free ride" for six or seven months and that the creditors may have to wait nine to ten months to get any money from the trustee rather than three or four. Even if the debtor begins payments to the trustee earlier, it is not supposed that any but the most venturesome trustee is going to pay out any of the debtor's money without a confirmation order in hand. Proposed Rule 3002(c) would reduce the time for filing a proof of claim from six months to three, and that, at least, would cut the delay in paying creditors and the debtor's probable "free ride" by three months.[8]

A specious point is advanced that creditors no longer *vote* on a plan as under the prior Act, §§ 651–52,[9] and that there no

---

8. Secured creditors who may think that Proposed Rule 3002(c) is a friendly rule because it generally would give the secured creditor longer to file a proof of claim may yearn for unfriendly Rule 13–302(e)(1), after "enjoying" an additional three months' wait for the first distribution of funds in a number of cases, if the proposed rule is promulgated. They should note that Proposed Rule 2002(a) would double (from ten to twenty days) the time presently prescribed by Bankruptcy Rule 13–203(a) for giving notice to creditors of the meeting of creditors.

9. Formerly, 11 U.S.C. §§ 1051–52.

longer is a "first meeting of creditors." [10] Section 1325(a)(5)(A) of title 11 provides for acceptance of a plan by the holder of "each allowed secured claim." The prior Act spoke in terms of "acceptance" of the plan. Neither provided for a "vote" on the plan. The prior Act spoke of "a meeting of creditors," as does present Section 341(a); however, each might properly be called a "first meeting of creditors." It is strange that use of that term in paragraph (1) of Rule 13–302(e) would make it inconsistent but that the appearance of that term in paragraph (2) does not make the six-month rule inconsistent. Yet, no one who argues that "secured claims" may be filed after the meeting of creditors or the confirmation hearing in a Chapter 13 case, because paragraph (1) of subdivision (e) uses the term "first meeting of creditors," apparently goes so far as to say that paragraph (2) also is inconsistent and that proofs of claim (of whatever variety) may be filed, with no adverse effect to the claim, at whatever time may be chosen by the creditor, if at all.

The question of whether Rule 13–302(e)(1) presently affects secured claims, proofs of which are filed after the event stated in the rule, and the question of whether a similar provision should have been included in Proposed Rule 3002(c) are, certainly, not the same question.[11] The "Preface" to the proposed rules, by the Advisory Committee on Bankruptcy Rules states: "... These rules apply in all chapter cases except as a particular rule otherwise provides...." It has been said that such a provision was omitted from Proposed Rule 3002(c) because the committee did not want a separate rule or provision for Chapter 13 cases.

Chapter 11 cases evidently were looked upon with more affection or interest, for the committee abandoned any goal of sym-metry and provided a separate rule for Chapter 11 cases—Proposed Rule 3003. I don't suppose that the committee would say "not so" and point out that one rule applies in Chapter 7 and 13 cases and that the other applies in Chapter 9 and 11 cases and that no partiality was shown to Chapter 11 cases, since one rule applies to two types of cases and the other applies to two types of cases. Of course, hardly anyone alive has ever encountered a Chapter 9 case,[12] the type of cases with which Chapter 11 cases are coupled in Proposed Rule 3003, effectively making it a separate Chapter 11 rule.

The Court concludes that Chrysler did not file its proof of claim within the time provided by Rule 13–302(e)(1) for the filing of secured claims, that its claim is not an allowed secured claim for purposes of distribution, and that no issue is presented under 11 U.S.C. § 1325(a)(5) in regard to whether the plan should have been confirmed in the absence of an affirmative acceptance by Chrysler of the plan. Chrysler makes no contention concerning probable lack of notice of the holding of the continued confirmation hearing, under 11 U.S.C. § 1324.

Chrysler does contend that it now may raise for the first time an argument that it is not "adequately protected" under the plan [13] and that, therefore, it is entitled to have the § 362(a) stay lifted,[14] leaving it free to enforce its security interest in the debtor's automobile. If this position is sound, the Chapter 13 case was not reformed by the *Bankruptcy Reform Act of 1978*. It is back to §§ 651–52 of the prior Act and the power of a single creditor with security in the debtor's property to veto the best-laid plan. This argument does not, however, consider the effect upon creditors of confirmation of the plan:

§ 1327. Effect of confirmation.

---

**10.** Bankruptcy Act, § 632; formerly, 11 U.S.C. § 1032.

**11.** *See In the Matter of Hines,* 9 B.C.D. 106, 20 B.R. 44 (Bkrtcy SD Ohio 1982).

**12.** Federal Judicial Workload Statistics for the Twelve Month Period ended September 20, 1982, prepared by the Administrative Office of the United States Courts, in Table F2A, indicate two cases filed under Chapter 9, out of 373,853 cases filed.

**13.** See 11 U.S.C. § 361.

**14.** See "cause" for lifting this stay. 11 U.S.C. § 362(d)(1).

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

While, as argued by Chrysler, "adequate protection" may be an issue "subject to continuing consideration by the court," it is not in the sense that a creditor that is bound by the terms of a confirmed plan may claim that it is not adequately protected by virtue of receiving exactly what the plan provided for such a creditor to receive.[15] If Chrysler is to obtain any relief it must show some circumstance other than its dissatisfaction with the provisions of the plan for distributions to it as the holder of an allowed unsecured claim.[16] It, of course, still holds a security interest in the debtor's automobile, and it is conceivable that Chrysler might be entitled to "adequate protection" on account of a lapse of insurance coverage or something of that sort, until such time as its claim is satisfied under the terms of the Chapter 13 plan.[17] No issue of this kind is before the Court.

It has been suggested that the very fact that all creditors are bound by the terms of a confirmed plan, eliminates the need in Proposed Rule 3002(c) for an early bar time for filing proofs of secured claims. This position leads to a disharmony between the statute and the rules, because it would be utterly meaningless for the rule to permit a creditor to file a proof of a secured claim 90 days after the first date set for a creditors' meeting but to hold that the statute binds such a creditor to the plan confirmed at a hearing held much earlier. For example, the plan might provide for paying each creditor (secured or unsecured) 10 cents on the dollar. This view also nullifies the requirements of 11 U.S.C. 1325(a)(5), for the treatment of "each allowed secured claim."

To the extent that the Court understands Chrysler's argument that Rule 13–302(e)(1) is inconsistent with 11 U.S.C. §§ 361 and 362, this boils down to saying that the rule prevents Chrysler from having the status of a secured creditor, thus preventing it from being able to raise a point of lack of adequate protection at a time after confirmation of the plan. The deduction from this is that "adequate protection" of a secured creditor's interest in the collateral may then not be given "continuing consideration by the court," as contemplated in §§ 361 and 362. As indicated above this deduction does not follow. Anything bearing on "adequate protection" which arises during the course of "continuing consideration by the court" of the factor of "adequate protection" will be considered by the Court—but not a fait accompli, such as the provisions of the confirmed Chapter 13 plan.[18]

The debtor's motion to dismiss Chrysler's complaint is well taken, and the complaint and this adversary proceeding will be dismissed out of court.

ADDENDUM "A"

The Committee on Rules of Practice and Procedure of the Judicial Conference of the United States
Administrative Offices of the
United States Courts
Washington, D.C. 20544

Re: Proposed Bankruptcy Rule 3002(c)— Comment by Chapter 13 Committee, National Conference of Bankruptcy Judges.

Gentlemen:

I am writing to express opposition to proposed Bankruptcy Rule 3002(c) by the Chapter 13 Committee of the National Conference of Bankruptcy Judges, of which I am chairman. Besides me, this committee

---

**15.** *In the matter of Willey,* 9 B.C.D. 1002, 24 B.R. 369 (Bkrtcy. ED Mich.1982); *In re Evans,* 9 B.C.D. 850, 22 B.R. 980 (Bkrtcy. SD Cal. 1982); *In the matter of Lewis,* 7 B.C.D. 105, 8 B.R. 132 (Bkrtcy. D Idaho 1981).

**16.** *In the matter of Lewis,* 7 B.C.D. 105, 8 B.R. 132 (Bkrtcy. D Idaho 1981).

**17.** *Id.*

**18.** *Id.*

was initially composed of Bankruptcy Judges Henry L. Hess of Portland, Oregon, and Robert J. Sidman of Columbus, Ohio; however, due to Judge Sidman's resignation from the bench in order to resume the private practice of law, Bankruptcy Judge Harold F. White of Akron, Ohio, has succeeded him on this committee.

The opposition of the committee to proposed Rule 3002(c) arises from the fact that it would apply indiscriminately to secured claims as well as unsecured claims in Chapter 13 cases, without any additional provisions applicable to secured claims, such as are now found in Bankruptcy Rule 13–302(e)(1). Restated, the problem with the proposed rule is that it does not require that a creditor holding security, in order to be treated as the holder of a secured claim in the Chapter 13 case, must file a proof of claim (to which is attached a copy of the papers evidencing the security interest and its perfection) before the conclusion of the initial meeting of creditors, which is held pursuant to 11 U.S.C. § 341(a).

If proposed Rule 3002(c) were amended to include the essential provisions of present Rule 13–302(e)(1), there would be no objection on our part to the fact that the proposed rule shortens the usual time for filing a proof of claim from six months [present Rule 13–302(e)(2)] to 90 days, after the meeting of creditors. If the proposed rule is amended to incorporate the essential provisions of the current rule, the Rules Committee should consider the desirability of a slight change, by requiring that the proof of secured claim be filed not later than *at the commencement of the meeting of creditors.* This might be expected to facilitate the orderly and efficient dealing with matters concerning secured claims during the course of the meeting of creditors.

In regard to the very substantial change which proposed Rule 3002(c) would effect, from the practice in Chapter 13 cases under present Rule 13–302(e)(1), the Advisory Committee on Bankruptcy Rules offers no comment (as far as I can tell) except to state that "[t]he special rule for early filing by a secured creditor . . . is not continued."

There is, however, a clue to the committee's action, as it was stated in a letter to me from Bankruptcy Judge Asa S. Herzog, dated April 27, 1982, wherein Judge Herzog expresses his thought that Judge Hess had accurately expressed, in a prior letter to Judge Sidman and me, dated April 20, 1982, why the language of the present rule was omitted from the proposed Rule 3002(c).

It is appropriate at this point, for me to state that Judge Hess does not agree with the other members of the NCBJ Chapter 13 Committee that it would be a serious mistake to omit from the new rules those provisions that are found in present Rule 13–302(e)(1). The dissenting views of Judge Hess were outlined in his letter of April 20, 1982, referred to above. I believe that it would be helpful to a correct understanding of the Chapter 13 Committee's reasoning for retention of the provisions of present Rule 13–302(e)(1), if I outline here Judge Hess's views, with my comments.

The effect of present Rule 13–302(e)(1) is to state that a claim is not to be treated as a *secured* claim for purposes of (1) voting and (2) distribution in the Chapter XIII [13] case, with certain exceptions, unless the claim is filed before the conclusion of the first meeting of creditors. Judge Hess indicates that, under former Chapter XIII, this served a purpose in obtaining an early vote on the plan by secured creditors, because the claim form provided a convenient means of registering such vote. He correctly points out that creditors no longer "vote" on the plan and that secured creditors consequently have no veto power regarding the plan. Judge Hess further states that either secured or unsecured creditors can object to confirmation of a plan and that, most frequently, the objection of secured creditors would be on the ground of nonconformity with 11 U.S.C. § 1325(a)(5). He also mentions that, under 11 U.S.C. § 1325(a)(4), the Court must find that the unsecured creditors will receive as much under the plan as they would have had the case proceeded for a liquidation under Chapter 7 of Title 11.

Although Section 1325(a)(4) would require the Court to determine what claims

are secured and what claims are unsecured, and Section 1325(a)(5) requires an acceptance of the plan by a creditor holding a secured claim or that the holder of the secured claim be paid the value of the security and adequate compensation for any delay in paying the claim (unless the collateral is surrendered to the creditor), Judge Hess points out that a confirmed plan is binding upon all creditors [11 U.S.C. § 1327(a)] and is of the opinion that the matters just mentioned can be resolved by the Court by taking at face value the debtor's listing of debts, in the absence of a claim or claims filed by the holder(s) of security.

In the first place, anyone having the slightest familiarity with bankruptcy cases will affirm that the debtors' schedules of debts, as well as assets, are notoriously unreliable. The problem with Judge Hess's view is more fundamental, as I see it. It appears to me that this view, and apparently the view adopted by the Advisory Committee, confuses the terms "secured creditor" and "secured claim". In considering rules for use under the Bankruptcy Reform Act of 1978, we really should be using only the term "secured claim", as that seems to be the import of 11 U.S.C. § 506(a), which provides for "determination of secured status" of "an allowed claim". There is really no such animal as a "secured creditor" except that that term be applied to a creditor who holds an allowed claim, determined by the Court to be secured under the provisions of § 506(a). Section 502(a) of Title 11, of course, provides for the allowance of a claim, proof of which is filed under § 501 of that title.

I, therefore, do not see how the Bankruptcy Court can correctly and properly confirm a plan at a confirmation hearing under 11 U.S.C. § 1324, until expiration of the time, whatever it may be, for filing "secured" claims. If the confirmation hearing is held prior to the time which bars the filing of a secured claim, how can the Court determine that the holder of "each allowed secured claim provided for by the plan" has accepted the plan? Likewise, it does not appear that the Court could determine that the plan will afford to the holder of such a claim the value of the security or collateral, determined under § 506(a), plus adequate compensation if the payment to the creditor is to be delayed. There is no way that a claim can be considered a secured claim in the absence of the Court's determination of the value of the security under § 506(a), and to talk about "secured creditors" who have not yet filed a proof of claim, is really a contradiction in terms and leads to the non sequitor adopted by the Advisory Committee.

At this point, I would like to offer a bit of personal testimony—admittedly unsworn. I had about thirteen years experience with this type of case, as a Chapter XIII trustee, and I have had about twenty-one years experience with this type of a case, as a referee in bankruptcy and as a bankruptcy judge. At various times, I have had the wise advice of persons experienced with this type of case. One of the very fundamental propositions for the handling of substantial numbers of this type of case by the judges and by the trustees, in a manner which is satisfactory to debtors, attorneys, and creditors, is that these cases should not be burdened down with expenses and time-consuming procedures beyond those that can be said to be essential, with a view toward economy which benefits the debtors and the creditors and with a view toward having the trustee pay the debtors' money to the debtors' creditors at the very earliest time. The NCBJ Chapter 13 Committee is of the opinion that the omission of the provisions of present Rule 13–302(e)(1) from the rules to be adopted would be a step backwards, would violate the fundamental proposition which I have described, and is not supported by a careful consideration of Sections 502(a), 506(a), 1324, 1325(a), and 1327. It appears to me that such an omission can find any substantial support only on the theory that the bankruptcy judge should confirm a Chapter 13 plan, by rubber stamp, in the absence of a specific objection, based upon the idea that the Court has no affirmative responsibility to examine the plan and must confirm it with-

out even a cursory consideration of the requirements of § 1325(a).

The contention has been made that creditors with multioffices would find inadequate for filing proofs of claim the time which would elapse between the giving of notice and the holding of the meeting of creditors. This ignores, however, the fact that the time for giving notice of the meeting of creditors, as is provided in proposed Rule 2002(a) is exactly double the time provided for in Bankruptcy Rule 13–203(a). Additionally, Bankruptcy Rule 13–302(e)(1) provides for an extension of time for filing a secured claim, upon timely request and for cause.

I may add one further word. At a meeting of the bankruptcy judges held in conjunction with the Judicial Conference of the Eleventh Circuit, on May 5, 1982, they voted unanimous opposition to the omission of the provisions of present Rule 13–302(e)(1), from proposed Rule 3002.

I send my best regards.

> Very truly yours,
> /s/ L. Chandler Watson, Jr.
> L. Chandler Watson, Jr.
> Bankruptcy Judge

LCW:jw