**In re Robert T. MONTGOMERY and Patricia A. Montgomery, Debtors.**

**Bankruptcy No. 82–01744K.**

United States Bankruptcy Court, E.D. Pennsylvania.

May 3, 1984.

As Amended May 8, 1984.

Jack K. Miller, Philadelphia, Pa., for debtors.

James J. O'Connell, Philadelphia, Pa., Chapter 13 Standing Trustee.

Allan K. Grim, Jr., Perkasie, Pa., for Bucks County Bank & Trust Co.

## MEMORANDUM OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is an application by the debtors to strike a motion for relief from the automatic stay filed by Bucks County Bank and Trust Company. For the reasons stated herein, we will grant the debtors' application to strike.

The facts are not in dispute.[1]

A petition under Chapter 13 of the Bankruptcy Code was filed by the debtors on April 19, 1982. An Order confirming the Plan was entered on July 22, 1982. On August 1, 1983, Bucks County Bank and Trust Company ("Bank") filed a motion for relief from the automatic stay under § 362 in order to foreclose on its security interest in the debtors' property. At the hearing on the Bank's motion, counsel for the debtors moved to strike the motion on the grounds that the Bank was not eligible for relief from the stay because a proof of claim had not been filed asserting secured status before the conclusion of the § 341 meeting of

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

creditors.[2] As an alternative ground, counsel for the debtors also claimed the Bank's motion was procedurally defective because it failed to name the Chapter 13 Standing Trustee as a party, contravening Local Interim Rule 9002(c) which mandates that every motion in a Chapter 13 case "must join the Standing Trustee". We held the matter under advisement.

The debtors filed an application to strike on the same day as the hearing, alleging that the § 341 meeting of creditors was conducted and concluded by the Standing Trustee on June 28, 1982. It further alleges that the Bank filed a proof of claim on July 20, 1982, almost one month after the meeting of creditors was concluded. The debtors contend that the Bank lost its standing to invoke the protections of § 362 when it failed to file a timely proof of claim.

The issue presented is whether the Bank's proof of claim was untimely filed, and if so, whether the Bank has forfeited its ability to seek relief from the automatic stay as a secured creditor.

Prior to August 1, 1983, the Rules of Bankruptcy Procedure were applicable to cases under the Bankruptcy Reform Act of 1978 "to the extent not inconsistent with the amendments made by this Act, or with this Act, until such rules are repealed or superseded." [3] The event relevant to our discussion in the case *sub judice* is the meeting of creditors. This meeting was conducted on June 28, 1982, a full year before the new "Bankruptcy Rules" became effective on August 1, 1983. Thus, Rule 13–302(e)(1) of the Rules of Bankruptcy Procedure, which sets the time bar for filing secured claims, is the applicable rule to be applied in this case for determining whether the Bank's proof of claim was timely filed.

Rule 13–302(e)(1) provides:

(e) Time for Filing.

(1) Secured Claims. A secured claim, whether or not listed in the Chapter XIII Statement, must be filed *before the conclusion of the first meeting of creditors* in the Chapter XIII case unless the court, on application before the expiration of that time and for cause shown, shall grant a reasonable, fixed extension of time. Any claim not properly filed by the creditor within such time *shall not be treated as a secured claim for purposes of voting and distribution* in the Chapter XIII case. Notwithstanding the foregoing, the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a codebtor. (emphasis added)

The outcome of a failure to file a proof of claim by the conclusion of the first meeting of creditors would be the treatment of a secured creditor's claim as unsecured for the purposes of voting and distribution.

However, there is a split of authority among bankruptcy courts on the issue of whether Rule 13–302(e)(1) is applicable to secured claims filed under Chapter 13 of the Bankruptcy Code.

A number of courts have held that Rule 13–302(e)(1) is inconsistent with the provisions in the Code for the handling of Chapter 13 matters because the time bar set by the Rule, e.g., proofs of claim filed by secured creditors must be filed by the conclusion of the § 341 meeting of creditors, no longer serves any meaningful purpose. *See, e.g., In re Isaacs*, 19 B.R. 903 (Bkrtcy. D.Md.1982); *In re Beman*, 18 B.R. 90 (Bkrtcy.S.D.N.Y.1982); *In re Musgrove*, 4 B.R. 322 (Bkrtcy.M.D.Fla.1980); *In re Busman*, 5 B.R. 332 (Bkrtcy.E.D.N.Y.1980). The Bank cites several of these cases for the proposition that Rule 13–302(e)(1) should not be applied to defeat the Bank's secured status in the instant case.

---

**2.** Counsel for the Bank argued at the hearing that the debtors waived their right to raise this issue because Fed.R.Civ.P. 8(c) requires that all defenses or objections to a motion be included in the answer or other responsive pleading before the trial. However, this is a non-adversary matter. Therefore, Fed.R.Civ.P. 8(c) does not apply and the debtors' application to strike was not untimely filed. *See* Rule 9014.

**3.** Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 405(d) (1978).

In *Beman, supra,* the Court analyzed the differences between Chapter 13 Code cases and Chapter XIII Act cases and concluded that Rule 13–302(e)(1) was inconsistent with the Code:

> ... There is no longer any requirement that a debtor's plan be approved by a vote of the holders of secured claims in order to pass muster for confirmation. The debtor has three options for dealing with a secured claim. Bankruptcy Code § 1325(a)(5) provides that (A) holders of secured claims may accept the plan, or (B) the debtor may "cram down" the allowed secured claim to the value of the collateral securing it, after a valuation hearing under § 506(a) (except a claim secured only by a security interest in the debtor's principal residence; Code § 1322(b)(2)), or (C) the debtor may surrender the property securing the claim. Since secured claim holders no longer control the acceptance or rejection of a debtor's Chapter 13 plan, and since the dates for the § 341(a) meeting and the confirmation hearing no longer coincide, the early bar date in Rule 13–302(e)(1) no longer serves any meaningful purpose under the Code. The Rule's time limitation is inconsistent with the options given to the debtor under § 1325(a)(5) for treatment of the secured claim holders. *In re Musgrove, supra; In re Busman, supra.*

Therefore, this court holds that Bankruptcy Rule 13–302(e)(1), which requires secured claims to be filed before the conclusion of the § 341(a) meeting is inconsistent with the provisions of the Bankruptcy Code. (footnotes omitted)

In those cases holding that Rule 13–302(e)(1) is inconsistent with the Code, it has been suggested that secured claims be filed either (1) by the date of the confirmation hearing under 11 U.S.C. § 1324 or (2) within six (6) months after the date of the first meeting of creditors which would normally be the time when unsecured claims would have to be filed.

There are also a significant number of cases holding that Rule 13–302(e)(1) regarding when proofs of claim must be filed by secured creditors remained operative to Chapter 13 cases until the new Rules became effective on August 1, 1983. *See e.g., In re Landers,* 28 B.R. 101 (Bkrtcy.N.D. Ala.1981); *In re Rebuelta,* 27 B.R. 137 (Bkrtcy.N.D.Ga.1983); *In re Powell,* 15 B.R. 465 (Bkrtcy.N.D.Ga.1981); *In the Matter of Hines,* 20 B.R. 44 (Bkrtcy.S.D. Ohio 1982) (rule held applicable because not inconsistent, but its effect stated to be variable); *In re Louie,* 10 B.R. 928 (Bkrtcy. E.D.Mich.1981); *In re Hines,* 7 B.R. 415 (Bkrtcy.D.S.D.1980) (rule held applicable, but late claims equitably allowed as secured claims); *In re Webb,* 3 B.R. 61 (Bkrtcy.W.D.Cal.1980); *In re Remy,* 8 B.R. 40 (Bkrtcy.S.D.Ohio 1980); *In re Pollock,* 6 B.C.D. 1280 (Bkrtcy.S.D.Fla.1980); *In re Hartford,* 7 B.R. 914 (Bkrtcy.D.Me.1981).

The debtors cite *In re Rebuelta, supra,* as a case addressing the narrow issue before us, i.e., whether the Bank is entitled to file a motion for relief from the stay even though the Bank filed a secured claim *after* the conclusion of the § 341 meeting of creditors.

In *Rebuelta, supra,* the Court found that the holder of a secured claim who has not filed a timely proof of claim may not seek relief from the automatic stay:

> This Court agrees with the conclusion that the lien of a secured creditor that is being treated as an unsecured creditor does survive the Chapter 13 proceeding. However, the survival of this lien does not require adequate protection of said lien during the Chapter 13 proceeding ... In the instant case, C & S filed its proof of claim sixteen (16) months after the § 341 Meeting held in this case. To hold that the phrase "for purposes of distribution" contained in Bankruptcy Rule 13–302(e)(1) does not encompass the benefits associated with distribution in a Chapter 13 case, such as rights to adequate protection and relief from the stay, would effectively make Rule 13–302(e)(1) a nullity in those cases where there is depreciating collateral. Furthermore, secured creditors have an obligation to pro-

ceed timely to enable a Bankruptcy Court to determine whether a plan is feasible and otherwise comports with the requirements of Chapter 13 in order to be a confirmable plan.

The above result is not unduly harsh. Creditors have notice of the consequences of the failure to file a timely proof of claim concerning their ability to seek adequate protection or relief from the automatic stay. The 14th edition of Collier clearly sets forth the fact that the holder of a secured claim who has not filed a timely proof of claim is not eligible to seek relief from the automatic stay. *See* 15 Collier on Bankruptcy Paras. 13-401.06, p. 13-401-14; 401.07, p. 13-401-15; and 302.08[1]. fn. 9, p. 13-302-16, (14th ed.).

27 B.R. at 139.

Although we are aware of the considerable amount of debate on this issue, we are of the opinion that the decision in *Rebuelta, supra,* is correct and that Rule 13-302(e)(1) is controlling in the case at bench.

Congress provided that during the transition period, the Rules of Bankruptcy Procedure, including Rule 13-302(e)(1), would continue to apply to cases under Title 11, to the extent not "inconsistent" with the Code, until such Rules were repealed or superseded. Our decision hinges on the meaning of the term "inconsistent", which has been defined as:

"Mutually repugnant or contradictory; contrary, the one to the other, so that both cannot stand, but the acceptance or establishment of the one implies the abrogation or abandonment of the other."

*Black's Law Dictionary* 689 (5th ed. 1979)

In order to find Rule 13-302(e)(1), governing when secured claims must be filed, inconsistent with the Code, we believe it would be necessary to find a conflict between that Rule and a Code provision providing otherwise. However, we find there is no express provision in the Code which is contradictory to the time bar set forth in Rule 13-302(e)(1). We are in agreement with the statement made by Collier regarding the continuing applicability of Rule 13-302(e)(1) to Chapter 13 cases prior to the effective date of the new Rules:

There would seem to be no inconsistency between the Code and Chapter XIII Rule 13-307(d). *See* 11 U.S.C. § 506(a). There likewise appears to be nothing inconsistent between Chapter XIII Rule 13-302(a) & (e)(1) and 11 U.S.C. §§ 103(a), 501, 502, 506(d) & 544-549. Accordingly, Chapter XIII Rules 13-302(a), (c) & *(e)(1)* & 13-307(d) should control the proof, allowance, and determination of the extent of secured claims in chapter 13 cases until new chapter 13 rules are adopted. *See* § 405(d), Bankruptcy Reform Act, Pub.L. No. 95-598 (1978). *See* text at ¶ 1300.06[4][a](ii) *supra.*

5 *Collier on Bankruptcy* ¶ 135-01, 1325-19 n. 131 (15th ed. 1979).

In conclusion, we find that Rule 13-302(e)(1) is binding on the issue of when secured claims had to be filed in the case at bench. Because the Bank failed to file a timely proof of claim in accordance with Rule 13-302(e)(1), the Bank forfeited its secured status and may not seek relief from the automatic stay. Therefore, the debtors' application to strike the motion for relief from the stay is granted. This decision renders the alternative ground for granting the debtors' application moot.